## COMMONWEALTH *versus* LEONARD DEAN.

A complaint before a justice of the peace, intended to be the basis of a final judg-
   ment, alleging that the defendant, without license, " did sell spirituous and fer-
   mented liquors in a shop used for the purpose of tippling or gaming or in which
   tippling and gaming is allowed," was *held* to be fatally defective, inasmuch as it
   did not state to whom the sale was made, or that it was made to a person unknown,
   nor that the quantity sold was either less than twenty-eight gallons or was to be
   consumed in the shop.

. THIS was a complaint under Revised Stat. *c.* 47, § 3.   It
was dated December 13, 1837, and was originally brought
before a justice of the peace.   It alleged, " that the said Dean,
at said Wrentham, on the seventeenth day of November last
past and on divers other days between that day and the day of
the date of this complaint, did sell spirituous and fermented
liquors in a shop there situated used for the purpose of tippling
or gaming or in which tippling and gaming is allowed, not being
duly licensed to make such sales, against the peace," &c
The defendant, after conviction, appealed to the Court of
Common Pleas, and a verdict being there found against him, he
moved that the complaint be quashed, among other reasons,
because it did not allege to whom the liquor was sold.   The
motion was overruled by *Strong* J., and exceptions were taken
to his decision.

*Nov. 1st.*       *Wilkinson,* in support of the exception, cited *Commonwealth*

v. *Phillips*, 16 Pick. 211 ; Davis's Justice, 16 ; 2 Hawk. P. C. c. 25, § 74, 113 ; 1 Chit. Crim. Law, 284 ; Bac. *Indictment, H* 3.

*Austin*, Attorney-General, cited *Bradstreet* v. *Furgeson*, 17 Wendell, 181.

*Per Curiam.* The complaint is defective in many particulars of substance, and cannot be sustained. *Commonwealth* v. *Phillips*, 16 Pick. 211. It does not set forth to whom the liquor was sold, nor that it was sold to a person unknown. Neither does it state the quantity sold ; which may have been twenty-eight gallons, and that to be carried away at one time. The place of sale is said to be used for the purpose of tippling or gaming, but this is merely a description of the shop ; it does not indicate where the liquor was to be used. The complaint ought to show, that the liquor was either sold in a less quantity than twenty-eight gallons, or that it was to be consumed on the defendant's premises.

*Judgment of Court of Common Pleas reversed and proceedings quashed.*