COMMONWEALTH *vs.* EDWARD O'BALDWIN & another.

On the trial of an indictment charging the defendant with fighting with Joseph Wormald, the defendant contended that there was no evidence as to the name of the person with whom he fought otherwise than by testimony describing it as " Wormald," except that one witness had testified that the defendant spoke of the person as " Jo ; " the judge's minutes of the testimony contained no memorandum of any further evidence of it, and his memory corresponded with his minutes; but the attorney for the Commonwealth contended that some of the Commonwealth's witnesses had described the person as Joseph Wormald. The judge refused the defendant's request for a ruling that evidence that a man named " Wormald " or " Jo " fought with the defendant was insufficient to warrant a conviction, but instructed them that they must be satisfied on the whole evidence that the Wormald with whom the fight occurred was Joseph Wormald; and also declined to direct the jury " to find specially upon the proof as to the Christian name of Wormald." *Held*, that the defendant had no ground of exception.

INDICTMENT for prizefighting, charging that Edward O'Baldwin and Joseph Wormald, " by and in pursuance of a previous

appointment and arrangement made by and between them to meet and engage in a fight with each other, did meet and engage in a fight with each other, against the peace," &c.

At the trial of O'Baldwin, in the superior court, before *Brigham*, C. J., the jury returned a verdict of guilty; and the judge allowed a bill of exceptions of which the following is the material part: " In the argument, the defendant's counsel contended that there had been no evidence regarding Joseph Wormald; that all the witnesses but one, in speaking of the person with whom O'Baldwin fought, spoke of him as ' Wormald' or ' Mr. Wormald;' that the one witness testified that O'Baldwin, on being interrogated how he received a particular injury, answered that 'Jo' gave it to him; and that the foregoing was all the testimony in the case upon the subject of Wormald's name. And the judge, upon request, referred to his minutes of the trial, and stated that they contained no other evidence, and that he had no recollection of any other evidence and should submit that fact to the memory of the jury. The district attorney contended that there was other evidence, and that one or more of the witnesses for the Commonwealth had spoken of Wormald as Joseph Wormald ; and thereupon the question as to such evidence was submitted to the jury upon the claim of the defendant's counsel, and of the district attorney. No evidence was offered at the trial on the part of the defendant. The defendant's counsel then asked the judge to instruct the jury that it was incumbent upon the Commonwealth to prove that the arrangement and appointment and the fight alleged in the indictment were made and entered into between Edward O'Baldwin and Joseph Wormald, and if the Commonwealth failed to prove that Joseph Wormald participated in the same the jury could not properly convict the defendant; and that evidence that a man called ' Wormald' or 'Jo' participated, without any other evidence of his Christian name, was insufficient, and the jury must acquit. The judge declined so to instruct the jury ; and instructed them that they must be satisfied upon the whole evidence in the case that the Wormald proved to have participated in the fight was Joseph Wormald. The

Commonwealth *v.* O'Baldwin.

judge was requested to direct the jury to find specially upon the proof as to the Christian name of Wormald; but he refused so to direct the jury. To which several rulings and refusals to rule the defendant excepted."

*W. D. Northend,* for the defendant. The charge of a fight with Joseph Wormald was material, and must be proved as laid. Any variance either in the Christian name or the surname would be fatal. *Commonwealth* v. *Wade,* 17 Pick. 395. *Commonwealth* v. *Pope,* 12 Cush. 272. On the claim of the defendant's counsel, the state of the minutes of the judge, and the judge's recollection, the defendant was entitled to have the jury instructed that they were not warranted in inferring that the "Wormald" referred to by some witnesses, and the "Jo" referred to by one witness, were one and the same person, or were Joseph Wormald. "Jo" might mean Josiah, Jonah, Joel, Job or Jonas, just as well as Joseph. And "Wormald" only might be any Wormald. There surely was room for a reasonable doubt.

*C. Allen,* Attorney General, for the Commonwealth.

BY THE COURT. The defendant has no ground of exception to the judge's instructions or refusals to instruct. Evidence that the person proved to have participated with the defendant was called "Wormald" or "Jo" was sufficient in law to warrant the jury in finding that his name was Joseph Wormald. The question of the amount and weight of the evidence on that point was rightly submitted to the jury. No question appears to have been made at the trial as to the degree to which the jury must be satisfied of the facts which the Commonwealth was bound to prove.                                    *Exceptions overruled.*