COMMONWEALTH *vs.* WILLIAM J. BLANCHARD.

After judgment rendered by a police court on a complaint on the St. of 1869, *c.* 415, § 37, for receiving intoxicating liquor intended for sale in violation of that statute, for the purpose of conveying it to another person, it is too late to object that the complaint omits to either name such person or aver that his name is unknown, and does not aver that the iquor was intended for sale in violation of the statute otherwise than by an averment that it was intended for sale "in violation of the 415th chapter of the statutes of 1869 of the Commonwealth."

COMPLAINT on the St. of 1869, *c.* 415, § 37,* " to the police court of Milford, in the county of Worcester and Commonwealth of Massachusetts," that William J. Blanchard, on January 29, 1870, at said Milford, did receive into his custody and possession certain intoxicating liquor for the purpose of conveying the same to a person other than the said William J. Blanchard, which said intoxicating liquor, so received as aforesaid, was then and there intended for sale in violation of the 415th chapter of the statutes of 1869 of said Commonwealth, he, the said William J. Blanchard, then and there having reasonable cause to believe that the said liquor was then and there intended for sale in violation of said chapter." The defendant was adjudged guilty, and appealed.

Trial in the superior court, on the appeal, before *Dewey*, J., who allowed the following bill of exceptions : " At the trial, after the Commonwealth had offered evidence tending to prove the offence, the defendant asked the judge to rule that under this complaint the defendant could not be legally convicted of the alleged offence. The judge declined so to rule, and did rule that under this complaint the jury on the evidence might convict the defendant. The jury found the defendant guilty, and he alleged exceptions."

---

* " Whoever, for the purpose of conveying to another person, receives any spirituous or intoxicating liquor which has been sold or is intended for sale in violation of this act, having reasonable cause to believe that the same has been so sold or is so intended for sale, shall, on conviction thereof, either in the place where the liquor is received or in any place through which it is carried, or in the place at which it is delivered to the purchaser or to any person for him, pay a fine of twenty dollars."

*H. B. Staples*, for the defendant, argued that the complaint was fatally defective, in not either setting forth the name of the person to whom the defendant intended to convey the liquor, or averring that it was unknown ; in not averring that the liquor was intended for sale in violation of law ; in describing the statutes of the Commonwealth of the year 1869 as the "statutes of 1869 of said Commonwealth ; " and in using figures instead of words to specify the number of the chapter of the statutes.

*C. Allen*, Attorney General, for the Commonwealth.

CHAPMAN, C. J.   The complaint set forth in substance an offence against the statute ; and it was too late to allege formal objections after the appeal.   *Exceptions overruled.*