JAMES GREEN *vs.* THE COMMONWEALTH.
FREEMAN A. TOWER *vs.* SAME.
MARTIN BYRNES *vs.* SAME.
THOMAS H. SIMPSON *vs.* SAME.

The objection that a complaint for taking and stealing goods does not aver that they were carried away, is formal, and, by the St. of 1864, *c.* 250, § 2, cannot be taken after judgment.

The objection that a complaint, headed "Middlesex, ss.," for unlawfully keeping intoxicating liquor at Framingham, fails to aver that Framingham is in the county of Middlesex, is formal, and, by the St. of 1864, *c.* 250, § 2, cannot be taken after judgment.

The objection that a complaint for unlawfully selling intoxicating liquor avers a sale "to                ," is formal, and, by the St. of 1864, *c.* 250, § 2, cannot be taken after judgment.

WRITS OF ERROR to reverse judgments of trial justices. *In the first case* it appeared by the record that the defendant was tried on a complaint alleging that he " did feloniously take and steal" some hay, " against the peace of said Commonwealth and the form of the statute in such cases made and provided ; " and that he was adjudged guilty. The error assigned was that the complaint contained no averment that the hay was carried away by the defendant. Plea, *in nullo est erratum.*

*In the second case* it appeared by the record that the defendant was tried on a complaint, headed " Middlesex, ss.," alleging that the defendant " of Framingham " on a certain day " at said Framingham" unlawfully kept intoxicating liquor with intent to sell ; and that he was adjudged guilty. The error assigned was that the complaint contained no averment that Framingham was in the county of Middlesex. Plea, *in nullo est erratum.*

*The third case* was precisely like the second.

*In the fourth case* it appeared by the record that the defendant was tried on a complaint alleging that he did unlawfully " sell intoxicating liquor to            ; " and that he was adjudged guilty. The error assigned was that the complaint contained no averment that the sale therein named was made to a person named or to a person whose name was to the complainant un-known. Plea, *in nullo est erratum.*

The cases were argued together by *F. F. Heard,* for the plaintiffs in error, and *J. C. Davis,* Assistant Attorney General, for the Commonwealth.

CHAPMAN, C. J. In a complaint or indictment for stealing, which is technically and formally drawn, the words " steal, take and carry away " should be used. *Commonwealth* v. *Adams,* 7 Gray, 43. An opportunity should be given to a defendant in a criminal case to make all technical and formal objections to a complaint or indictment, upon which he is to be tried. But the time within which he may make such objections may properly be limited by statute, without violating Article XII. of the Declaration of Rights. *Commonwealth* v. *Walton,* 11 Allen, 238. The St. of 1864, *c.* 250, § 2, is not such violation. Ib.

Green *v.* Commonwealth.

The only question open on the complaint against Green is whether the defect alleged is of form or of substance. The complaint charges that the defendant, at the time and place alleged, " did feloniously take and steal " the articles mentioned, " against the peace of said Commonwealth and the form of the statute in such cases made and provided." But the language of the Gen. Sts. *c.* 161, is " whoever steals," and this phrase is sufficient for all practical purposes. No one misunderstands it. In order to find a defendant guilty under it, a taking and carrying away must be proved. So under this complaint it was no less necessary to prove a taking and carrying away, than if these words had been inserted in the complaint. And the burden of proof was not changed in any particular. The defect in the complaint therefore was formal but not substantial.

In the complaints against Tower and Byrnes it is alleged that the offence was committed at Framingham, but it is not alleged that Framingham is in the county of Middlesex. This defect is also formal; for the court knows judicially, and all the inhabitants of Framingham, where the defendant lives, are bound to know in fact that the town is in that county. The complaint is entitled " Middlesex, ss." Advantage of the formal defect was not taken seasonably.

In the complaint against Simpson the allegation is that he did " sell intoxicating liquor to            ." This defect is also formal; for the fact of selling which is alleged implies that there was a purchaser, and the allegation is equally certain with an allegation that he did sell to a person whose name is unknown. The offence is committed by selling the liquor, and it is not material to whom it is sold. The defendant takes no advantage by the formal defect. In a future plea of *autrefois convict*, if he shall have occasion to make it, the identity of two alleged offences must be proved by evidence, and can as easily be proved in this case as when the allegation is of a sale to a person unknown.

*Judgment affirmed in each case.*