## COMMONWEALTH vs. AUGUSTUS LEGASSY.

A complaint under St. 1867, c. 285, § 3, alleged that a parent on a named day at a named town "allowed and consented to the employment of" his son, "a child under the age of fifteen years," in a manufacturing establishment, "he not having then and there attended" any public or private school, &c. Upon a motion to quash the complaint made for the first time in the Superior Court: *Held*, that objections that it did not appear from the complaint that the child was over ten years of age, or that he was actually employed in a manufacturing establishment, or that he might not have attended school in some place other than the town named in the complaint, were objections to formal defects, and could not, under St. 1864, c. 250, § 2, be taken at that stage of the proceedings.

COMPLAINT to the First District Court of Eastern Worcester, under St. 1867, c. 285, § 3, alleging "that Augustus Legassy, of Grafton, in the county of Worcester, on the first day of July, in the year eighteen hundred and seventy-two, and from thence continually till the fifteenth day of April, in the year eighteen hundred and seventy-three, at Grafton, in said county, did allow and consent to the employment of Joseph Legassy, a child under the age of fifteen years, in the manufacturing establishment of A. Morse & Son, situated in said Grafton, in the county of Worcester, he, the said Augustus Legassy, being then and there the parent of him, the said Joseph Legassy, he, the said Joseph Legassy, not having then and there attended any public or private day school, under teachers approved by the school committee of the place in which such school is kept, for the term of three months during the year next preceding said employment, he, the said Joseph Legassy, having lived within said Commonwealth during the six months next preceding said employment."

By the record of the District Court transmitted to the Superior Court upon the defendant's appeal, it appeared that the "defendant demurred to the form of the action, but after hearing all matters and things concerning the same, it is adjudged by the said District Court that said defendant is guilty."

In the Superior Court, before the jury were empanelled, the defendant filed the following motion to quash the complaint:

"And now comes the defendant and moves to quash the complaint against him, for that it does not fully and plainly substantially and formally allege against him any crime or offence known

to the laws of said Commonwealth, and prays judgment in his behalf for the reasons following :

" Because said complaint does not allege that the Joseph Legassy therein named was a child between the ages of ten and fifteen years :

" Because said complaint does not allege that said defendant, as parent or guardian, allowed and consented to the employment of a child between the ages of ten and fifteen years in any manufacturing establishment in said Commonwealth :

" Because said complaint does not allege that the said Joseph Legassy was employed in any manufacturing establishment in said Commonwealth from the first day of July, 1872, to the 15th day of April, 1873, or during any other time whatsoever:

" Because said complaint does not allege that the said Joseph Legassy had not attended any public or private day school within said Commonwealth, under teachers approved by the school committee of the place in which such school was kept, for the term of three months during the year next preceding his employment in any manufacturing establishment in said Commonwealth :

" Because said complaint does not negative the proposition that the said Joseph Legassy attended a public or private day school, under teachers approved by the school committee of the place in which such school was kept, for the term of three months during the year next preceding his employment, in a manufacturing establishment in said Commonwealth in any place within said Commonwealth other than the town of Grafton, that is to say, that he attended such school in the town of Millbury, in said Commonwealth."

The motion to quash was overruled, the jury returned a verdict of guilty, and the defendant alleged exceptions.

*J. Hopkins,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

GRAY, C. J. The St. of 1867, *c.* 285, § 1, prohibits the employment in a manufacturing establishment of any child under ten years of age under any circumstances whatever, and of any child between the ages of ten and fifteen years, except upon certain conditions which are negatived in this complaint. The pen-

alty, imposed by § 3 upon any parent or guardian who allows or consents to such employment, is the same in either case. The liability of the defendant is not therefore affected by the question whether the child, being under the age of fifteen, was or was not under the age of ten years.

The allegation, that the defendant " did allow and consent to the employment of " his child in a manufacturing establishment, would be generally understood, according to the common use of language, as implying that the child was actually so employed.

The allegation of time and place, in that clause in the complaint which negatives his having attended school, if necessary to be inserted, which we do not intimate, is of the most formal character.

All the defects suggested being merely formal, and the record not showing that they were specifically assigned in the demurrer, or in any motion to quash, in the court to which the complaint was originally presented, they were not open to the defendant in the Superior Court. St. 1864, *c.* 250, § 2. *Commonwealth* v. *Walton*, 11 Allen, 238. *Commonwealth* v. *Emmons*, 98 Mass. 6. *Commonwealth* v. *Blanchard*, 105 Mass. 173. *Commonwealth* v. *Sheehan*, Ib. 174. *Commonwealth* v. *Vincent*, 108 Mass. 441. *Commonwealth* v. *Brigham*, Ib. 457. *Green & Simpson* v. *Commonwealth*, 111 Mass. 417.       *Exceptions overruled.*