COMMONWEALTH *vs.* PATRICK DOHERTY.

Hampden. September 22, 1874. MORTON & ENDICOTT, JJ., absent.

A complaint on the St. of 1869, *c.* 415, § 39, to a police court alleged that the defendant, at a place within this Commonwealth, unlawfully did convey certain intoxicating liquors in a wagon to another person who intended to sell them in violation of law, the defendant having reasonable cause to believe that they were so intended for illegal sale. On appeal in the Superior Court the defendant objected that the complaint set forth no offence, because it omitted the words "from place to place within this Commonwealth." *Held*, that the defect was merely formal and the objection was taken too late.

COMPLAINT on the St. of 1869, *c.* 415, § 39, to the Police Court of Holyoke, averring that Patrick Doherty on July 20, 1873, " at said Holyoke, unlawfully did convey certain intoxicating liquors in a certain vehicle, to wit, a certain wagon, he, the said Doherty, having received said liquors from some person or persons to said complainant unknown, for the purpose of conveying the same unlawfully in said Commonwealth, said liquors being deposited and being conveyed in said vehicle by said Doherty as aforesaid to a certain person other than the said Doherty whose name to said complainants is now unknown ; and said unknown person intending to sell said liquors in violation of the four hundred and fifteenth chapter of the statutes of the year of our Lord eighteen hundred and sixty-nine of said Commonwealth ; and said liquors have been sold in said Commonwealth in violation of said chapter ; and the said Doherty then and there having reasonable cause to believe that the said liquors have been so illegally sold and are so intended for illegal sale as aforesaid in this Commonwealth, whereby said liquors have become liable to be forfeited, against the peace of said Commonwealth, and the form of the statutes in such cases made and provided."

At the trial in the Superior Court, on appeal, before *Dewey, J.,* the defendant, after the evidence was all in, asked the judge to

rule that no offence was alleged in said complaint, but the judge declined so to rule, and the defendant alleged exceptions.

*E. H. Lathrop*, for the defendant. There is no allegation in the complaint of the illegal conveyance of liquor from place to place within the Commonwealth. It is not every possible conveyance of spirituous liquor that will make either the owner or his servant guilty of a criminal offence. *Commonwealth* v. *Waters*, 11 Gray, 81. In all the cases where it has been held that the objection comes too late, the objection was merely formal. Here it is to a matter of substance. The complaint sets forth no offence under the statute.

*C. R. Train*, Attorney General, for the Commonwealth.

GRAY, C. J. The complaint alleges that the defendant at Holyoke in this county unlawfully did convey certain intoxicating liquors in a wagon to another person who intended to sell them in violation of the St. of 1869, *c.* 415, the defendant having reasonable cause to believe that they were so intended for illegal sale ; and thus makes plain to common understanding a charge of an unlawful conveying from place to place in violation of § 39 of the statute. The imperfection in the technical description of the offence, by omitting the words " from place to place within the Commonwealth," and the superfluous allegation looking towards an offence under § 37, are mere formal defects which could not be availed of for the first time in the Superior Court on appeal. St. 1864, *c.* 250, § 2. *Commonwealth* v. *Waters*, 11 Gray, 81. *Commonwealth* v. *Emmons*, 98 Mass. 6. *Commonwealth* v. *Blanchard*, 105 Mass. 173. *Green* v. *Commonwealth*, 111 Mass. 417. *Commonwealth* v. *Legassy*, 113 Mass.

*Exceptions overruled.*