## COMMONWEALTH *vs.* WILLIAM J. MOSHER.

Dukes County.    Oct. 24, 1882.—Feb. 5, 1883.    C. ALLEN, COLBURN & HOLMES, JJ., absent.

Since, by the Pub. Sts. *c.* 155, § 7, no one but a justice of the peace can be a trial justice, and, by § 9, a justice of the peace duly appointed trial justice ceases to be such if his commission as justice of the peace expires before his commission as trial justice, a signature to the jurat annexed to a complaint, and to a warrant, as trial justice, involves a signature as justice of the peace, and no separate designation of the inferior office is necessary.

COMPLAINT "to Ichabod N. Luce, Esquire, a trial justice in and for the county of Dukes County," for keeping and maintaining a common nuisance, to wit, a certain tenement in Cottage City used for the illegal sale and illegal keeping for sale of intoxicating liquors, on June 15, 1882, and on divers other days and times between that day and July 23, 1882. The jurat annexed to the complaint and the warrant issued thereon were each signed by "Ichabod N. Luce, trial justice." The defendant was tried on the complaint, adjudged guilty, and sentenced by said magistrate; from this sentence he appealed to the Superior Court.

In that court, the defendant moved to quash the complaint, on the ground that it did not appear by the record that Ichabod N. Luce, who designated himself as trial justice, was a justice of the peace commissioned as a trial justice. This motion was overruled.

The jury returned a verdict of guilty; and the defendant appealed to this court.

*J. Brown,* for the defendant.

*G. Marston,* Attorney General, for the Commonwealth.

FIELD, J. The jurisdiction of an inferior magistrate to issue warrants must clearly appear on the papers. *Commonwealth* v. *Fay,* 126 Mass. 235. No one but a justice of the peace can be a trial justice; Pub. Sts. *c.* 155, § 7; and a justice of the peace duly appointed trial justice ceases to be such if his commission as justice of the peace expires before his commission as trial justice. Pub. Sts. *c.* 155, § 9.

It follows that a signature as trial justice involves a signature as justice of the peace, and no separate designation of the

inferior office is necessary. The signature as trial justice means that the signer is the legal holder of that office, that is, that he is a justice of the peace holding a commission as a trial justice. . The entry must be, *Judgment on the verdict.*