## COMMONWEALTH *vs.* LOUIS PETO.

Bristol.   Oct. 23. — Nov. 30, 1883.   FIELD & W. ALLEN, JJ., absent.

A complaint for keeping intoxicating liquors, with intent to sell the same unlawfully, was addressed to A. B., justice of the peace, "designated and commissioned to issue warrants in criminal cases." The jurat annexed to the complaint was signed by A. B., justice of the peace, "authorized to issue warrants as aforesaid." *Held,* that the jurisdiction of the magistrate sufficiently appeared on the face of the papers; and that it was not necessary that the papers should show that the magistrate was a resident of the town where the offence was alleged to have been committed.

A motion, on an appeal in the Superior Court, to quash a complaint to a justice of the peace for a formal defect only, is filed too late.

A complaint alleged that the defendant, at a time and place named, kept intoxicating liquors with intent to sell the same in this Commonwealth, he not being authorized so to sell the same under the provisions of a certain statute, nor by any legal authority whatever. The statute named had then been repealed. *Held,* that the allegation as to the statute might be rejected as surplusage.

At the trial of a complaint for keeping intoxicating liquors, with intent to sell the same unlawfully, a witness for the government testified that, on a day named, he met the defendant about a quarter of a mile from his house, and asked him, "Is it there?" and he replied, "O, yes;" that the witness afterwards went to the defendant's house and handed to his wife a half-pint bottle; that neither said anything while he was there; that she went out of one door and was gone about five minutes, and returned by another door, and handed him the bottle full of something which tasted like rum, but was not rum, and smelt alcoholic and looked like whiskey, but was not exhilarating or intoxicating, though he "should say it might put a quietus on a man," and he paid her a sum of money therefor; and that he drank from the bottle and went to sleep and slept for two hours. *Held,* that this evidence was sufficient to authorize a conviction.

COMPLAINT to Joseph E. Pond, Jr., justice of the peace, "designated and commissioned to issue warrants in criminal cases," alleging that the defendant, on November 13, 1882, at Attleborough, kept intoxicating liquors with intent to sell the same in this Commonwealth, he not being authorized so to sell the same under the provisions of the St. of 1869, c. 415, nor by any legal authority whatever. The jurat annexed to the complaint was signed by " Joseph E. Pond, Jr., justice of the peace, authorized to issue warrants as aforesaid."

In the Superior Court, before the jury were empanelled, the defendant moved to quash the complaint, for the following reasons: "1. Because it does not appear that Joseph E. Pond, Esq. was authorized to receive complaints and issue warrants thereon. 2. Because the complaint does not allege in sufficient language, charges, or legal words, an offence." *Bacon, J.*, overruled this motion; and the defendant excepted.

At the trial, the government called as a witness Isaac S. Allen, who testified as follows: "I live at North Attleborough, and know the defendant; on the thirteenth day of December last I saw him about a quarter of a mile from where he lives; this was about ten or eleven o'clock in the forenoon; I had very little conversation with him; asked him 'Is it there?' he replied, 'O, yes.' I afterwards went to his house and handed a half-pint bottle to his wife; she said nothing and I said nothing while I was there; she went out of one door and was gone perhaps five minutes, (it seemed fifteen minutes to me,) and returned by another door and handed me the bottle full of something which tasted like rum, but was not rum; it was not such as you get at the hotel; it smelt alcoholic and looked like whiskey, but was not exhilarating or intoxicating; I should say it might put a quietus on a man; I paid her twenty-five cents. I drank some from the bottle after dinner and went to sleep and slept for two hours." This was all the evidence in the case.

The defendant offered no evidence; and asked the judge to rule that there was no sufficient evidence to authorize a verdict of guilty, and to direct the jury to return a verdict of not guilty. But the judge declined so to rule; and ruled that there was evidence for the jury to consider.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*E. L. Barney,* for the defendant.

*E. J. Sherman,* Attorney General, for the Commonwealth.

DEVENS, J. 1. The complaint was addressed to Joseph E. Pond, justice of the peace, designated and commissioned to issue warrants in criminal cases, and the jurat is signed by him as justice of the peace, authorized to issue warrants as aforesaid. As by the St. of 1879, *c.* 254, § 1, (Pub. Sts. *c.* 155, § 4,) the Governor could, with the advice and consent of the Council, designate and commission certain justices of the peace with authority to issue warrants in criminal cases, the jurisdiction of the magistrate sufficiently appeared on the face of the papers, which disclosed his official character and the authority by virtue of which he assumed to act. *Commonwealth* v. *Fay,* 126 Mass. 235. *Commonwealth* v. *Mosher,* 134 Mass. 226. While the magistrate thus authorized is to be a resident of the town upon the petition of the selectmen of which he is designated, his jurisdiction is not limited to offences committed in that town. It was not therefore necessary that the papers should show that the magistrate was a resident of Attleborough, where the offence was alleged to have been committed.

2. The second ground assigned in the motion to quash should not have been sustained. If the complaint was defective, it was so in form only, and the motion was filed too late. Pub. Sts. *c.* 214, § 25. *Commonwealth* v. *Emmons,* 98 Mass. 6. *Commonwealth* v. *Blanchard,* 105 Mass. 173. *Commonwealth* v. *Doherty,* 116 Mass. 13. But we do not perceive that the complaint was legally defective, even in form. It averred the keeping of intoxicating liquors with intent to sell the same, without being authorized so to do by virtue of the St. of 1869, *c.* 415, an act which was then repealed; but it further averred that these liquors were thus kept without any legal authority whatever. The allegation as to the St. of 1869, *c.* 415, was therefore superfluous, and might properly be treated as surplusage.

3. Nor was the defendant entitled to a ruling that there was no evidence to authorize a verdict of guilty. The question addressed to the defendant, his reply thereto, the facts that the witness afterwards obtained at his house, from his wife, liquor

which he paid for, and the description of the liquor thus obtained, were legally sufficient to justify the jury in finding that the allegations of the complaint were proved.

<em>Exceptions overruled.</em>