## COMMONWEALTH vs. MATTY HALLAHAN.

Middlesex.   Nov. 22, 1886. — Jan. 4, 1887.   HOLMES & GARDNER, JJ.,
absent.

A complaint on the Pub. Sts. c. 98, § 2, alleged that the defendant, on the Lord's
day, "unlawfully did take part in a certain game, to wit, the game of cards."
In the Superior Court, on appeal, the defendant moved to quash the complaint,
because it set forth no offence; because it did not aver that the game of cards
was an unlawful game; and because it did not aver that the defendant took
part in an unlawful game. *Held*, that the defects, if any existed, were formal
defects; and that the objection was taken too late.

COMPLAINT, on the Pub. Sts. c. 98, § 2, to the First District
Court of Eastern Middlesex, alleging that the defendant, at
Melrose, on October 25, 1885, " that day being the Lord's day,
unlawfully did take part in a certain game, to wit, the game of
cards, against the peace of said Commonwealth, and the form of
the statute in such case made and provided."

In the Superior Court, on appeal, before the jury were em-
panelled, the defendant filed a motion to quash the complaint,
for the following reasons: "1. Because no offence is charged.
2. Because there is no averment that the game of cards is an
unlawful game.   3. Because there is no averment that the de-
fendant took part in an unlawful game." *Staples*, J., overruled
the motion.

The defendant was then tried, and was found guilty; and he
alleged exceptions.

*A. V. Lynde & W. P. Harding*, for the defendant.   1. The
motion to quash should have been sustained, because it re-
lated to a matter of substance in the complaint, which fails to
charge the defendant with a punishable offence by the allega-
tion " unlawfully did take part in a certain game, to wit, the
game of cards."

2. The complaint should have alleged that the game of cards
was an unlawful game, for the true construction of the stat-
ute can only apply to such games.   The statute is in very gen-
eral terms, but it can hardly be construed to mean that some
games of cards, such as the well-known game of " Dr. Busby,"
or the game of cards entitled " Authors," or some sorts of play,

i. e. playing a waltz or operatic piece of music on a pianoforte, constitute a punishable offence under the statute. Pub. Sts. c. 98, § 2. *Commonwealth* v. *Tilton,* 8 Met. 232. *Commonwealth* v. *Collins,* 2 Cush. 556. *Commonwealth* v. *Pattee,* 12 Cush. 501.

3. Nor does the complaint allege that the defendant took part in any unlawful game. This it should do in some form, either by alleging that the defendant took part for an unlawful purpose, or that the game itself was wrongful. The evident object of the statute is to prevent or prohibit such games as have an element of gaming in their playing, or are against the quiet and good order of the State or of the general public. An unlawful game of cards is a game with such cards as are used in gaming; an unlawful game of dice is such a use of dice as has a tendency to gaming. *Commonwealth* v. *Slack,* 19 Pick. 304. To allege that the defendant " unlawfully did take part," is not a sufficiently precise averment to charge the defendant with playing an unlawful game. *Commonwealth* v. *Boynton,* 12 Cush. 499.

*H. N. Shepard,* Assistant Attorney General, for the Commonwealth.

MORTON, C. J. The defendant's objections to the complaint are for formal defects apparent on the face thereof, and should have been taken in the District Court. Pub. Sts. c. 214, § 25. Without discussing whether the objections, if duly taken by a motion to quash in the District Court, are well founded, it is enough to say that his motion to quash was made too late, and was therefore rightly overruled by the Superior Court. *Commonwealth* v. *Legassy,* 113 Mass. 10. *Commonwealth* v. *Doherty,* 116 Mass. 13. *Exceptions overruled.*