COMMONWEALTH *vs.* JAMES C. TABER.

Bristol.     October 27, 1891. — November 24, 1891.

Present: ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Intoxicating Liquors — Complaint and Warrant — Justice of the Peace — Name.*

A justice of the peace, designated and commissioned under the Pub. Sts. c. 155, § 4, and the St. of 1884, c. 286, with authority to issue warrants in criminal cases, may lawfully receive the complaints upon which such warrants are issued.

If a complaint is addressed to " George G. W., justice of the peace, . . . designated and commissioned to issue warrants in criminal cases," and the jurat is signed

"Geo. G. W., justice of the peace authorized to issue warrants as aforesaid," the abbreviated name may be assumed to stand for George, and the description following the same refers back to the caption of the complaint, and is sufficient.

COMPLAINT for keeping intoxicating liquors with intent unlawfully to sell the same, addressed to " George G. Withington, Justice of the Peace in and for the county of Bristol and Commonwealth of Massachusetts, designated and commissioned to issue warrants in criminal cases." The jurat annexed to the complaint was as follows : " Bristol ss. Received and sworn to the nineteenth day of August in the year one thousand eight hundred and ninety. Before me, Geo. G. Withington, Justice of the Peace, authorized to issue warrants as aforesaid."

The defendant was tried, on appeal, in the Superior Court, before *Blodgett,* J., and, after a verdict of guilty, alleged exceptions which are not material to the points decided. The defendant then filed the following motion in arrest of judgment: " And now comes the defendant, James C. Taber, and moves that judgment be arrested in the above entitled case, because he says that George G. Withington had no legal authority to receive the original complaint in this case, or to administer the oath to the complainant or certify thereto, all of which appears. of record ; wherefore he says that neither this court nor any other court has jurisdiction to enter judgment against him under said complaint." The judge overruled the motion ; and the defendant appealed.

*J. Brown & R. C. Brown,* for the defendant.

*A. E. Pillsbury,* Attorney General, for the Commonwealth.

ALLEN, J. A justice of the peace, who has been designated and commissioned under the Pub. Sts. c. 155, § 4, and the St. of 1884, c. 286, with authority to issue warrants in criminal cases, may lawfully receive the complaints upon which such warrants are issued. Since the warrants cannot be issued without complaints, authority to receive complaints is implied from the authority to issue the warrants. *Commonwealth* v. *Peto,* 136 Mass. 155.

The magistrate's signature to the jurat was sufficient. The abbreviation " Geo." may be assumed to stand for George ; *Commonwealth* v. *O'Baldwin,* 103 Mass. 210 ; and the descrip-

tion "justice of the peace, authorized to issue warrants as aforesaid," refers back to the caption of the complaint, and is sufficient.          *Exceptions and motion in arrest overruled.*