COMMONWEALTH *vs.* SAMUEL F. BROWN.

Suffolk.    January 30, 1893. — February 28, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Police Court — Special Justice — Record — Complaint — Warrant — Motion to Dismiss — Motion in Arrest of Judgment.*

If the record in a criminal case shows that, in all the different stages of the proceedings therein, the police court to which the complaint was made was held by the special justice, in the absence and at the request of the justice, it is no ground for dismissal of the complaint and in arrest of judgment, after a verdict of guilty, that the complaint was addressed to the justice of the court, and that the warrant bore his test.

COMPLAINT to the justice of the Police Court of Chelsea, alleging that the defendant, on March 29, 1892, at Chelsea, unlawfully exposed and kept for sale intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth. In the Superior Court, upon appeal, after a verdict of guilty, the defendant moved to dismiss the complaint, and in arrest of judgment. The motions were overruled ; and the defendant appealed to this court. The material facts appear in the opinion.

*J. H. Blanchard*, for the defendant.

*G. C. Travis*, First Assistant Attorney General, for the Commonwealth.

ALLEN, J.   By Pub. Sts. c. 154, § 25, in case of the absence of a justice of a police court, or at any time upon his request, a special justice may hold a session of the court, the fact being stated upon the record. The amended record in the present case shows that the court in all the different stages of the proceedings against the defendant was held by the special justice, in the absence and at the request of the justice. This was sufficient.

The defendant, however, moves to dismiss, and also in arrest of judgment, because these facts do not also appear in the complaint and warrant. The complaint was addressed " To the Justice of the Police Court of Chelsea." There is nowhere any requirement that it should be otherwise addressed, and this form

was sufficient and proper, even though a special justice was sitting at the time when it was actually laid before him. The warrant properly bore test of the justice of the court, as required by St. 1888, c. 415, amending Pub. Sts. c. 154, § 30.

The motions were properly overruled. *Commonwealth* v. *Fay*, 151 Mass. 380. *Commonwealth* v. *Connor*, 155 Mass. 134.

*Order denying motions affirmed.*