other bidders not having the opportunity to bid for the contract awarded Ellis & Co., it therefore follows that plaintiff is entitled to the relief prayed for in its petition, and the same is granted.

*E. L. Taylor, Jr.,* and *Chas. J. Pretzman,* for paintiff.

*J. E. Sater,* for W. H. Ellis & Co.

*Pugh & Stoddart,* for trustees.

---

### PROSECUTION UNDER THE BEAL LAW.

[Circuit Court of Belmont County.]

ARTHUR STEWART v. THE STATE OF OHIO.

Decided, December Term, 1903.

*Sale of Intoxicating Liquor—Affidavit—Necessary Elements in, for Selling Contrary to Law.*

An affidavit filed before a mayor for the sale of intoxicating liquor contrary to law, under the Beal Local Option Law, Section 4364-20b, Revised Statutes, should set forth the name of the party to whom the intoxicating liquor was sold, or that the name was unknown; but an objection to the affidavit on that ground must be pleaded before final trial in the mayor's court, or the same is waived.

COOK, J.; LAUBIE, J., and BURROWS, J., concur.

Error to Court of Common Pleas of Belmont County.

Plaintiff in error asks for the reversal of the judgments below upon one ground only, and that is that the affidavit upon which he was convicted was not sufficient in law.

The affidavit was filed before the Mayor of the Village of Barnesville, this county, and charged the defendant, Stewart, with selling intoxicating liquor contrary to Section 4364-20b, Revised Statutes, known as the "Beal Act." The affidavit was for the unlawful selling under the section, and not for keeping a place for the unlawful sale of intoxicating liquors.

The defendant was found guilty by the mayor and sentenced to pay a fine of two hundred dollars and costs, it being his first offense. Error was prosecuted to the common pleas court

and the judgment of the mayor affirmed, and the case is before this court to reverse the judgment of the lower courts.

The objection to the affidavit is that it does not state the party to whom the liquor was sold, neither does it set forth that the name of the party was unknown to affiant.

The affidavit not setting forth that the defendant had been convicted before under this section of the statute, the mayor had final jurisdiction, and the affidavit should therefore be substantially as formal in charging the offense as an indictment found by a grand jury.

We think the affidavit should have set forth the name of the party to whom the intoxicating liquor was alleged to have been sold. The accused was entitled to demand that the affidavit made against him should inform him of the nature of the charge specifically and definitely, so that he might precisely know what the charge was and be prepared to make his defense. He should not be required to meet a charge of selling to A, B, or C, or some other person, when the particular person was known to the affiant.

Furthermore, the affidavit should be so definite that there would be no difficulty, in case of another action for the same offense, in pleading former acquittal or conviction. It is true it might be shown upon the trial of another action who the party was to whom the sale was made by introducing the evidence adduced in the former action, but that would be attended with much difficulty, and, in some cases, impossible. Our Supreme Court has pronounced in no uncertain terms, and properly so, on the necessity of definiteness in criminal accusations for both these reasons.

We are aware that recent text writers on criminal proceedings take a decided position that it is not necessary to set forth the name of the party to whom the intoxicating liquor is sold, and they are supported by the decisions of many very creditable courts (McClain on Criminal Law, Volume 2, Section 1274), but we think the better authorities are the other way.

The statutes of our state, by inference at least, indicate that it is necessary to set forth the name of the party. Section 7222 provides that in an indictment for the sale of intoxicating

liquor it shall not be necessary to allege the kind of liquor sold, nor to describe the place where sold; and in an indictment for keeping a place where intoxicating liquors are sold in violation of law it shall not be necessary to allege the name of the person to whom intoxicating liquor was sold. This is almost equivalent to saying that for a sale it would be necessary to allege the name of the person.

In *Gordon* v. *State*, 46 O. S., 625, it is said:

"There was a motion to quash the indictment on the ground that it did not set forth the name or names of any person or persons to whom the sale of intoxicating liquors was made. The indictment alleged that the accused unlawfully sold intoxicating liquors as a beverage, to divers persons whose names to the jurors were unknown. This we deem sufficient. In those cases in which the names of third persons can not be ascertained they may be thus designated in the usual form as 'persons whose names are to the jurors unknown.' "

In *Commonwealth* v. *Dean*, 21 Pickering, 334, it was held upon a motion to quash that:

"A complaint before a justice of the peace, intended to be the basis of a final judgment, alleging that the defendant, without license, 'did sell spirituous and fermented liquors in a shop used for the purpose of tippling or gaming or in which tippling and gaming is allowed,' is fatally defective, inasmuch as it did not state to whom the sale was made, or that it was made to a person unknown."

The accused, plaintiff in error, went to trial without making any objection to the affidavit on this ground. He filed a motion to quash the affidavit—two of them—but for entirely different reasons; that the act was unconstitutional, etc.; but there was nothing in the motions indicating that he objected because the name of the party to whom the liquor was sold was not set out in the affidavit. After judgment he made no complaint, either in the motion for a new trial which he filed, or by motion for arrest of judgment. Will he now be permitted to complain for the first time in a proceeding in error? We think not. He can not experiment with a trial, and when the judgment is against him, then take advantage of a defect of this character. The defect is a matter of form in stating the offense, and while

it would be fatal as against a motion before trial, we think that after judgment it is unimportant; at least, the defendant waived the defect. Had the defect been in an indictment, he must have raised it by motion to quash, or it would have been waived. R. S., Section 2249.

Such is the direct holding of the Supreme Court of Massachusetts in the case of *Green* v. *Commonwealth*, 111 Mass., 417.

The judgment of the court of common pleas in affirming the judgment of the mayor's court is affirmed.

*Colpitts & Chappell*, for plaintiff in error.

*Smith & Howard*, for defendant in error.