STATE vs. W. SCOTT CHAPPELL, JR.

WASHINGTON—SEPTEMBER 13, 1904.

PRESENT:  Stiness, C. J., Douglas and Dubois, JJ.

(1)  *District Courts.  Civil and Criminal Jurisdiction.  Special Justices.*
*Warrants.*

Gen. Laws, cap. 228 § 11, provides that every justice of a District Court having no clerk may appoint from among the justices of the peace in the district an assistant justice, and whenever such justice shall be absent or unable to serve by reason of sickness, his duties shall be performed by such assistant justice:—

*Held,* that, although the provision appeared in the chapter relating to civil jurisdiction, still the implication from the entire chapter was that the assistant was to perform the duties of the justice in criminal cases as well as civil, and there being no limitation upon his power elsewhere, he was authorized to issue warrants.

(2)  *Warrants.  Fact of Inability of Justice to Act Need not Appear.*

*Held,* further, that the fact of the inability of the justice to act need not appear on the face of the warrant.

(3)  *Special Justices.  Justices of the Peace authorized to issue warrants.*

*Held,* further, that such special justice held a special office by virtue of which he might issue warrants, and that he was not within the class of those justices of the peace authorized to issue warrants under Gen. Laws cap. 229, §§ 34, 35, and required to sign as such by the statute.

(4)  *Special Justice.  Continuance in Office.*

*Held,* further, that, so long as the appointment as special justice was not revoked, a new appointment was not necessary at the expiration of his term as a justice of the peace, when he was continued in the latter office.

CRIMINAL COMPLAINT.  Certified to Appellate Division on motion to quash.  Motion denied.

STINESS, C. J.  This case is certified to us on a motion to quash, because the warrant was not properly issued.

The complaint was made to an assistant justice of the third

judicial district, and the warrant was issued and signed by him, as such assistant justice. The objections to the warrant are (1) that the assistant justice had no legal authority to issue the warrant; (2) that it was not signed as the statute requires; (3) that, at the time of the complaint, there was no assistant justice in said district legally appointed or qualified.

(1) The provision for the appointment of an assistant justice is in Gen. Laws cap. 228, § 11, the statute relating to the civil jurisdiction of District Courts. The provision is that every justice of a District Court having no clerk may appoint, from among the justices of the peace in the district, an assistant justice, with power at any time to revoke such appointment, and whenever such justice shall be absent or unable to serve by reason of sickness, his duties shall be performed by such assistant justice.

The respondent claims that under this provision the assistant justice has no authority to issue a warrant.

It is true that the provision appears only in the chapter on civil jurisdiction; that the assistant justice is mentioned in that chapter and is not mentioned in the chapter on the criminal jurisdiction of District Courts and that express authority to issue warrants is not stated. Still the evident implication is that he has that power.

The statute provides for a temporary inability of a justice to act, and says that the assistant shall perform his duties; in other words, that he shall act in the place of the justice and be the justice for the time being. One of the duties of the justice is to receive complaints and issue warrants. Unless there is some limitation elsewhere, the assistant can do all that the justice can do. No such limitation appears, except the fact that an assistant is not mentioned in the chapter on criminal jurisdiction. Is he, then, limited to civil business? We do not think that the statute shows that intent, but the contrary. Cap. 228, § 16 provides that when a justice, assistant justice, or clerk acting as justice is a party or interested in any proceeding, civil or criminal, he shall be disqualified from sitting; and, in section 17, that the same officers shall keep a docket of all proceedings, civil or criminal, entered or had in the court,

and shall note the decision in the docket against each case; and, in criminal cases, the fine or imprisonment to which the defendant may be sentenced. By section 18 he is to record the decisions; by section 19, to tax costs in cases, civil or criminal; and by section 20, to receive fines and costs in criminal cases.

It thus appears that the assistant is to perform duties of the justice in criminal cases; and it follows that, there being no limitation, he is to perform all duties of the justice, and so may issue warrants.

(2)　It is further claimed under this point that, as the assistant has authority only when the justice is "absent or unable to serve by reason of sickness," the fact of such inability should appear on the face of the warrant, and that it does not so appear.

In *Com.* v. *Brusie,* 145 Mass. 117, it was held that, where a statute provided that a justice or special justice of a police or district court could receive complaints and issue warrants when the court was not in session, a justice has authority to do such acts, and it will be presumed that he acted under that authority.

In *Com.* v. *Brown,* 158 Mass. 168, where a special justice acted, and the complaint and warrant did not state that he was acting at the request of the justice, the complaint and warrant were sustained.

Both of these objections to the present warrant are insufficient.

(3)　The respondent further claims that the warrant signed by the assistant justice was not properly signed.

Under Gen. Laws cap. 229, §§ 34, 35, a justice may authorize justices of the peace within his district to issue warrants returnable to the District Court, and in such case they shall be signed as "Justice of the peace authorized to issue warrants."

A justice of the peace authorized to issue warrants is not an assistant justice.

The assistant justice holds a special office, by virtue of which he may issue warrants. He is not, therefore, within the class of those justices of the peace authorized to issue warrants and required to sign as such by the statute. His signature as

assistant justice was proper. *Com.* v. *Mosher*, 134 Mass. 226.

(4)    The defendant further claims that the appointment of the assistant justice had lapsed. The tenure of a district judge is three years, and he may appoint an assistant, who must be a justice of the peace when appointed, to act as assistant until his authority is revoked. Justices of the peace have a yearly tenure, and hence the respondent claims that the appointment of the assistant could not extend beyond the time for which he then held the office as justice of the peace and that a re-appointment as justice of the peace would require a re-appointment as assistant justice.

Gen. Laws cap. 228, § 11, provides that the assistant justice may serve until his authority is revoked by the justice of the District Court. In this case we are not called upon to say what the effect would be if the assistant ceased to be a justice of the peace, because here the assistant justice continued to be a justice of the peace. The question, therefore, is whether he should be regarded as being continuously in office or as a new officer. Gen. Laws cap. 24, §§ 7, 8, provide that the governor may appoint justices of the peace and notaries public, who shall hold office until the first day of July of the year next succeeding the date of appointment; and cap. 25, §§ 2, 4, 6, 7, provide that they may act for the period of thirty days thereafter without a new engagement, but that a certificate of engagement, by those re-appointed, shall be filed with the secretary of state within thirty days after the date of the commission. The apparent purpose of these provisions is to carry along the office so that there will be no lapse, as there might be if the term of office ended absolutely on July 1st and a new commission and engagement thereon could not be secured on that day. It is, therefore, a practically continuous office, when there is a re-appointment. We are, therefore, of opinion that so long as the appointment as assistant justice is not revoked, a new appointment is not required at the expiration of a term as justice of the peace, when the latter is renewed.

The motion to quash is overruled.

*James C. Collins, Jr.*, for complainant.

*Joseph C. Moore*, for defendant.