## COMMONWEALTH *vs.* DENNIS CAMPION.

If a person convicted of an offence before a trial justice appeals, and enters his appeal at the term of the superior court next held in the same county, it is immaterial that he was erroneously ordered by the justice to recognize to prosecute the appeal at a subsequent term.

COMPLAINT made April 27, 1870, on the St. of 1869, *c.* 415, § 33, to a trial justice for Worcester, that the defendant was a common seller of intoxicating liquors in violation of the statute. The defendant was adjudged guilty by the trial justice, and appealed.

The justice's record, after reciting the bringing of the defendant before him on May 3, 1870, upon a warrant issued on the complaint, and the proceedings at the trial, resulting in the decision of guilty, continued : " From this decision the defendant appeals, and is ordered to recognize with sureties in the sum of $200 for his personal appearance at the superior court next to be holden at Worcester, within and for the said county of Worcester, on the second Monday of May next, for the transaction of criminal business, then and there to prosecute his appeal according to law," &c.

The appeal was entered in the superior court at May term 1870, when the defendant appeared and moved to dismiss the proceedings for that " this court has no jurisdiction of the matter, as appears by record of the trial justice before whom the case was originally heard, it not appearing by said record that the case was returnable to this term of this court, or that the defendant was ordered to recognize for his appearance before this court at this term." *Dewey*, J., overruled the motion ; and the defendant was found guilty on the trial, and alleged exceptions.

*W. A. Williams*, for the defendant. It appears by the record that the defendant was ordered to recognize for his appearance at May term 1871, not at May term 1870 ; and it does not appear that he complied with the order, or with any order relative to the appeal. His case therefore stands as if no appeal had been taken ; and the superior court had no jurisdiction of it.

*C. Allen,* Attorney General, for the Commonwealth. The record shows that the defendant was duly tried and adjudged guilty by the trial justice May 3, 1870. His appeal was necessarily to the superior court next to be held in the same county; in this case, to the term which began May 9, 1870. Gen. Sts. *c.* 173, § 1.* It is immaterial whether the recognizance was in due form.

BY THE COURT. The appeal having been properly taken and entered, the error in the recognizance is immaterial.

*Exceptions overruled.*