## McIntire *v.* Parks & a.

If a mortgagee of the north half of a lot of land, with notice that it is equitably chargeable with and of sufficient value for the payment of a prior mortgage upon the whole lot, becomes the purchaser of such prior mortgage, he cannot in equity enforce it against the south half of the lot.

In such case, the north half, being chargeable with the payment of the mortgage upon the whole lot, as to the mortgageor and those claiming under him with notice, must first be applied for that purpose; and being sufficient to satisfy the debt in full, the mortgage is discharged as to the remainder of the premises.

Bill in Equity, to foreclose a mortgage of lot 105. The north half of the lot is of sufficient value to satisfy the mortgage; and the question raised is, whether the plaintiff is entitled to a foreclosure of the whole lot. Facts sufficiently stated in the opinion.

*Whidden,* for the plaintiff.

*W. & H. Heywood,* for Boucher, defendant.

Clark, J. William Osborne made a mortgage of lot 105 to J. H. Spaulding, November 5, 1864, which Spaulding afterwards assigned to the plaintiff, and is the mortgage sought to be fore-

closed. January 12, 1867, Osborne conveyed the south-east quarter of lot 105 with warranty to C., who conveyed it to the defendant Boucher. October 3, 1868, Osborne conveyed the south-west quarter with warranty to S., and by subsequent conveyances it passed to the defendant Boucher, who now holds the title to the south half of lot 105, and is the only party making defence. Subsequent to these conveyances, December 9, 1868, Osborne conveyed the north half of the lot to one Burns with warranty, excepting the mortgage from Osborne to Spaulding "which Burns is to pay." March 13, 1871, Burns mortgaged the north half to Cotton with warranty, "excepting the mortgage to Spaulding on which is due about $200," and subsequently Cotton bought the note secured by the Spaulding mortgage of the plaintiff, and Cotton's administrator is the plaintiff in interest in the foreclosure suit. The north half is of sufficient value to satisfy the mortgage.

By the conveyances of the south half of the lot with warranty by Osborne, the mortgagor, the north half, being retained by him and being of sufficient value, became charged with the payment of the whole mortgage debt as between the grantees of the south half and Osborne, or any subsequent grantee of the north half claiming under him. Osborne holding the north half of the lot charged with the payment of the whole mortgage debt, that charge, in equity, attached to the land, and his subsequent grantee could acquire no better title than he had to convey. In the conveyance of the north half by Osborne to Burns, the mortgage is recognized, and Burns agrees to pay it; and when Burns made the mortgage to Cotton, subject to the Spaulding mortgage, Cotton took no better title as against Boucher, the owner of the south half, than Burns and Osborne had, and that was a title to the north half of the lot, charged with the payment of the Spaulding mortgage; and when Cotton bought of the plaintiff the note secured by that mortgage, it was in effect a payment of the debt charged in equity upon his own land; and the land being sufficient in value for the payment of the debt, it operated as an extinguishment of the mortgage as to the south half of the lot. The fact that Cotton's title to the north half is a mortgage title makes no difference. If he could enforce the Spaulding mortgage upon the whole lot, he must refund the whole amount Boucher might be compelled to pay to redeem the south half, before he could avail himself of his title to the north half under his second mortgage from Burns. *Brown* v. *Simons*, 45 N. H. 212; *Green* v. *Cross*, 45 N. H. 574; *Watts* v. *Welman*, 2 N. H. 458; *Bradley* v. *George*, 2 Allen 392; *Welch* v. *Beers*, 8 Allen 151; *George* v. *Wood*, 11 Allen 41; *Beard* v. *Fitzgerald*, 105 Mass. 134; 2 Jones Mort., s. 1091.

*Bill dismissed, with costs as to Boucher.*

Doe, C. J., did not sit: the others concurred.