COMMONWEALTH vs. JOHN RUSSELL.

Plymouth.    October 16, 1888. — October 22, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Record of Police Court — Arrest of Judgment.*

The record of a police court recited, that, upon a warrant issued on an annexed complaint, the defendant was brought before it on January 23, at the only place where it was empowered to sit, and that the case was adjourned, without naming the place where the adjourned court was to be held, to January 26, and again to January 28, when he was tried, found guilty, and sentenced, from which sentence he appealed and was ordered to recognize to prosecute his appeal. The complaint was received and sworn to on January 23, and alleged that the defendant "on" January 1, and thence to January 22, kept and maintained a common nuisance, to wit, a tenement used for the illegal sale and keeping for sale of intoxicating liquors; the warrant was dated January 23; the officer's return thereon was dated January 21, setting forth that he had arrested the defendant "whom I have before the said police court"; and the recognizance recited the charge as keeping the nuisance "from" January 1 to January 22. *Held*, on a motion to arrest judgment, that the record of which the complaint was a part was sufficient, that the error of date in the officer's return, and that of description, if any, in the recognizance, were immaterial, and that the record imported with reasonable certainty that the adjourned court was held where only it was authorized to sit.

COMPLAINT to the Police Court of Brockton, for keeping and maintaining a common nuisance, to wit, a certain tenement used for the illegal keeping and sale of intoxicating liquors.

The copy of the record of the police court, transmitted to the Superior Court, on appeal, so far as material, was as follows: "Commonwealth of Massachusetts. Plymouth, ss. Police Court of the City of Brockton. Commonwealth v. John Russell. On complaint of J. H. Chase, for common nuisance. By virtue of a warrant duly issued upon said complaint, copies of which are hereto annexed, the said defendant is brought before the Police Court of the city of Brockton, at Brockton, in said county of Plymouth, this twenty-third day of January, A. D. 1888, and the said complaint is read to him, and, being asked whether he is guilty of the offence there charged upon him, says that he is not guilty; when the case was adjourned to the twenty-sixth day of January, 1888, at eight o'clock A. M., and the defendant ordered to recognize to the Commonwealth with sureties in the sum of $500 for his appearance, to answer to

said complaint as aforesaid. And he did so recognize. On the twenty-sixth day of January, 1888, the case was further adjourned to the twenty-eighth day of January, 1888, at which last mentioned date, after hearing divers witnesses, duly sworn to testify the whole truth, and fully understanding the defence of said defendant, it is considered by said court that he is guilty of the offence charged against him."

The record further showed that the defendant was sentenced, from which sentence he appealed to the Superior Court, and was ordered to recognize to appear and prosecute his appeal.

The copy of the complaint annexed to the record was received and sworn to on January 23, 1888, and alleged that the defendant, " on the first day of January in the year of our Lord eighteen hundred and eighty-eight, and on divers other days and times between that day and the twenty-second day of January in the year of our Lord one thousand eight hundred and eighty-eight, at Brockton aforesaid, knowingly, wilfully, and unlawfully did keep and maintain a certain common nuisance, to wit, a tenement in said Brockton, then and on said other days and times there used for the illegal keeping and illegal sale of intoxicating liquors." The warrant issued upon the complaint, and annexed to the record, was dated January 23, 1888, but the return thereon of the officer who served it was dated January 21, 1888, and recited that " I have arrested the within named defendant, whom I have before the said Police Court of the city of Brockton for examination." A copy of the recognizance entered into by the defendant accompanied the copy of the record, and recited that the defendant did " keep and maintain a common nuisance at said Brockton, from the first day of January, A. D. 1888, to the twenty-second day of January, A. D. 1888."

In the Superior Court, the defendant, after verdict and before judgment, moved in arrest of judgment for the following reasons, among others: " 1. The record of the judgment and the record of the proceedings transmitted by the police court are inconsistent and contradictory, the copy of the complaint and warrant stating that the defendant was brought before said police court on January the 21st, 1888, and the copy of the judgment stating that he was so brought before said court on January the 23d, 1888, and the recognizance stating the time of maintaining

the alleged nuisance as 'from the 1st day of January, A. D. 1888, to the 22d day of January, 1888,' while the copy of the complaint alleges the time to be 'on the 1st day of January, A. D. 1888, etc.' 2. The record of the judgment does not set forth the offence for which the defendant was put on trial." The motion was overruled; and the defendant appealed to this court.

*Asa P. French*, for the defendant.

*A. J. Waterman*, Attorney General, & *H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

MORTON, C. J. The motion in arrest of judgment was properly overruled. The record of the police court has a copy of the complaint annexed, thus making it a part of the record. This is sufficient, as it clearly sets forth the offence for which the defendant was put upon trial. It is plain that the officer who served the warrant made a mistake in the date of his return, but this is immaterial, and it does not contradict or control the record. It is no part of the record. Such an error does not affect the jurisdiction of the court, and furnishes no ground for arresting the judgment.

There is no material difference between the description of the offence in the complaint and the recognizance. But if there were, and the recognizance was therefore void, it would furnish no ground for arresting judgment, as it would not affect the jurisdiction of the appellate court. *Commonwealth* v. *Leighton*, 7 Allen, 528. This covers all the grounds taken by the defendant in his motion for arresting the judgment upon which he now insists. He argues in this court, that there is a fatal defect in the record of the police court, because it does not show that the defendant was tried at Brockton, the only place at which said court is empowered to sit. If this point is open to him, we do not think it can be sustained. The record recites that the defendant was brought before the court "at Brockton," on January 23, 1888, that the case was adjourned to January 26, 1888, and further adjourned to January 28, 1888, when he was tried. The record purports to be the record of the Police Court of Brockton, held "at Brockton," and imports with reasonable certainty that the adjourned court was held at that place. There is nothing in the record which suggests a different meaning.

*Motion in arrest of judgment overruled.*