COMMONWEALTH *vs.* CATHERINE VINCENT.

Plymouth. October 17, 1893. — January 2, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Motions to Dismiss and in Arrest of Judgment — Continuance of Complaint for more than Ten Days — Consent of Defendant.*

On a complaint to a police court for unlawfully exposing and keeping intoxicating liquors for sale, the defendant moved in the Superior Court to dismiss, and in arrest of judgment, because it appeared in the record that the trial was continued by the police court for more than ten days without the consent of the defendant. It appeared that the police court had jurisdiction, that it was a court competent to pass the order of adjournment with the defendant's consent, that the order was apparently for his benefit, that it was passed in his presence and without objection on his part, and that he recognized for his appearance at the time fixed; and there was nothing to show that he did not consent to the adjournment. *Held,* that his consent was to be presumed, and that the omission to set it forth in terms in the order did not render the proceedings invalid.

COMPLAINT, to the police court of the city of Brockton, for unlawfully exposing and keeping intoxicating liquors for sale with intent to sell the same without a license. In the Superior Court the defendant moved to dismiss, and, after verdict and before judgment, in arrest of judgment, because it appeared in the record that an examination or trial was continued by the police court for a period of more than ten days, without the consent of the defendant. The Superior Court overruled both motions, and the defendant appealed to this court. The material facts appear in the opinion.

*T. E. Grover,* for the defendant.

*R. O. Harris,* District Attorney, for the Commonwealth.

ALLEN, J. The police court had jurisdiction, it was a court competent to pass the order of adjournment with the defendant's consent, the order was apparently for her benefit, it was passed in her presence and without objection on her part, she recognized for her appearance at the time fixed, and nothing appears to show that she did not consent to the adjournment. Under these circumstances her consent is to be implied or presumed. No statute requires that her consent should expressly appear of record, and the omission to set it forth in terms does not render the proceedings invalid. See *Commonwealth* v. *Lynn,* 154 Mass. 405; *Commonwealth* v. *Russell,* 147 Mass. 545; *Commonwealth* v. *Ingersoll,* 145 Mass. 381, 383; *Commonwealth* v. *Carr,* 143 Mass. 84; *Jeffries* v. *Commonwealth,* 12 Allen, 145, 153, 154; *Commonwealth* v. *Dillane,* 11 Gray, 67; *Turns* v. *Commonwealth,* 6 Met. 224; *Cornett* v. *Williams,* 20 Wall. 226, 250; *McNitt* v. *Turner,* 16 Wall. 352, 363, 364, 366; *State* v. *Hinchman,* 27 Penn. St. 479; 1 Bish. Crim. Proc. §§ 117, 118, 1356; 1 Bennett & Heard's Lead. Cas. 469; Whart. Ev. § 1308; Steph. Ev. (Am. ed.) 187; Broom's Leg. Max. (6th ed.) 904–906. The court having had jurisdiction of the case, there is the same presumption in favor of the regularity of its order of continuance, which was merely an intermediate step in the cause, as if it had been a court of general jurisdiction. 1 Smith's Lead. Cas. (8th Am. ed.) 752, and cases cited. *Rowland* v. *Veale,* 1 Cowp. 18. *Titley* v. *Foxall,* Willes, 688. Whart. Ev. § 1308. Taylor, Ev. §§ 146, 147. 1 Greenl. Ev. § 19. *State* v. *Hinchman,* 27 Penn. St. 479, 484.

The defendant's motions were properly                    *Overruled.*