COMMONWEALTH *vs.* EDWARD WELSH.

Worcester.          October 2, 1899. — October 18, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & LORING, JJ.

*Appeal in Criminal Case — Error in Order for Recognizance — Arrest of Judgment.*

If a person, who is convicted of an offence before a District Court and appeals to the Superior Court, is ordered to recognize with sureties for his appearance before that court at a sitting subsequent to the one at which the appeal by statute is to be entered, and he does so recognize, such error in the order of the court or in the recognizance is no ground for a motion in arrest of judgment.

COMPLAINT for the illegal keeping for sale of intoxicating liquors. At the trial, on appeal from the judgment of the First District Court of Southern Worcester, in the Superior Court, the defendant filed a motion in arrest of judgment. *Hopkins*, J., overruled the motion; and the defendant appealed to this court. The facts appear in the opinion.

*J. E. Sullivan & D. F. O' Connell*, for the defendant.

*R. Hoar*, District Attorney, for the Commonwealth.

LATHROP, J. The record in this case shows that the defendant was duly tried and found guilty on October 1, 1898, by the First District Court of Southern Worcester, and ordered to pay a fine of $50, and that he stand committed until the same be paid. The record further shows that the defendant appealed. This appeal was necessarily "to the Superior Court

then next to be held in the same county." Pub. Sts. c. 155, § 58. This, by the St. of 1897, c. 490, § 3, was the first Monday in October. There is nothing in the record to show that he did not so appear. The only ground alleged in the motion for arrest of judgment is, that the District Court ordered him to recognize with sureties for his appearance before the Superior Court next to be holden at Worcester, on the first Monday in November, 1898, and he did so recognize. But such an error in the order of the court or in the recognizance is no ground for a motion in arrest of judgment. The case is very similar in this respect to *Commonwealth* v. *Campion,* 105 Mass. 184. See also *Commonwealth* v. *Sullivan,* 11 Gray, 203; *Commonwealth* v. *Lynch,* 14 Gray, 383; *Commonwealth* v. *Leighton,* 7 Allen, 528; *Commonwealth* v. *Russell,* 147 Mass. 545.

*Judgment affirmed.*