## COMMONWEALTH *vs.* JOHN C. WOLCOTT.

Under the Sts. of 1869, *c.* 416, and 1870, *c.* 201, the District Court of Central Berkshire has authority to issue a warrant, returnable before the District Court of Northern Berkshire, for the arrest of a person on a complaint charging him with the commission of a crime within the jurisdiction of the latter court.

An objection that an indictment, averring that the defendant was a common drunkard on a certain day, and also on divers days and times between that day and a later day named, charges two offences, and does not properly allege the time of the commission of the offence, cannot, since the St. of 1864, *c.* 250, § 2, be taken after trial in a district court.

COLT, J. The complaint upon which the defendant was tried was made in terms " to either of the justices of the District Court of Central Berkshire," and charged the defendant, who is described as of Cheshire, with an offence committed within that town. The warrant contained a recital of the complaint, was signed by the special justice, sealed with the seal of the court and made returnable to that court, " or some other court having jurisdiction of the case." The defendant was arrested, and tried upon a plea of not guilty before the District Court of Northern Berkshire, which has jurisdiction of offences committed in the town of Cheshire. The defendant was convicted. An appeal was taken to the Superior Court, and a motion to quash was then made, substantially founded on two reasons: first, because the warrant was issued without authority, and the District Court of Northern Berkshire had no jurisdiction; and next, because the offence charged is not formally set forth in accordance with the requirements of the Constitution and the rules of criminal pleading.

As to the first objection. The statutes creating the District Courts of Northern and Central Berkshire, Sts. 1870, *c.* 201; 1869, *c.* 416, confer criminal jurisdiction by reference to the general provisions applicable to police courts which are found in the Gen. Sts. *c.* 116. The same jurisdiction is there conferred on these courts in all matters relating to crimes and offences as justices of the peace have in their respective counties; but that jurisdiction, with reference to crimes and offences committed within their respective districts, is declared to exclude the jurisdiction of other police courts and of justices of the peace, except as provided

in § 17 of the same chapter, and § 32 of chapter 120. These sections give authority to justices of the peace in the county to issue warrants against persons charged with criminal offences, without fees, returnable before some police court or trial justice for examination. To this extent the jurisdiction of justices of the peace over all offences committed in the county is preserved, although the trial must be had before the court for the district where the offence is committed, by virtue of its exclusive jurisdiction. In addition to this it is by other statutes declared that for the apprehension of persons charged with offences the justices of the higher courts or of any police court, in vacation as well as term time, and all justices of the peace may issue process to bring offenders before the court or magistrate issuing it, or before some other court or magistrate, to be dealt with according to law. Gen. Sts. *c.* 170, §§ 9, 10. It was held in *Commonwealth* v. *O'Connell*, 8 Gray, 464, that the grant of exclusive jurisdiction to a police court over certain offences does not exclude the general authority of justices of the peace to receive complaints and issue warrants returnable before that court, unless such authority is either expressly or by necessary implication excluded. In the matter of issuing warrants this authority of justices of the peace is thus conferred upon these District Courts. It was evidently the intention of the Legislature to provide for the arrest of offenders upon process which oftentimes would be more conveniently and speedily obtained than if only to be issued by the court or magistrate to which it must be returned for trial.

We do not find anything in the special provisions of the act creating the District Court of Central Berkshire which conflicts with this authority. It is provided in § 4 that no justice of the peace shall be allowed fees for warrants issued within the district, and all warrants so issued shall be made returnable before the court. But this clause, in view of the power which has always been retained by justices of the peace, seems to have reference only to warrants which must be returnable before the court for offences committed in the district. And at all events does not limit the authority of the court or its justices, who in the same section are expressly empowered to issue warrants in all proper cases.

The defendant's objections to the complaint are that two or more offences are set forth in one count, and that the time of the commission of the offence is not properly alleged. But the defendant's motion to quash for this reason came too late. It should have been made in the District Court, before a judgment there upon a plea of not guilty, according to the requirement of the St. of 1864, *c.* 250, § 2. After going to trial upon the truth of the charge against him, he is not entitled to the benefit of any technical defect in the mode of its allegation. The defendant is charged with being a common drunkard on a day certain, and that is sufficient to support the conviction, even if it be improper to add to this the charge that he was such common drunkard on divers days and times between that day and a later day named in the complaint. The objection is formal and technical, and the power of the Legislature under the Constitution and Declaration of Rights to prescribe and limit the time when such objection shall be taken has been repeatedly recognized by this court. *Commonwealth* v. *Walton,* 11 Allen, 238. *Commonwealth* v. *Hall,* 97 Mass. 570. *Commonwealth* v. *Norton,* 13 Allen, 550.

*Exceptions overruled.*

*John C. Wolcott, pro se.*

*C. R. Train,* Attorney General, for the Commonwealth.