## CYRUS D. HYDE *vs.* JAMES MALLEY & another.

Worcester.   Oct. 3. — Dec. 14, 1876.   COLT & MORTON, JJ., absent.

A certificate annexed to an execution for the arrest of a debtor, set forth that the
debtor "was arrested and brought before the First District Court of Eastern
Worcester, and says he does not desire to take the oath for the relief of poor debt-
ors, and fails to procure surety to the satisfaction of said court," and was signed by
the name of the justice, with his official description. *Held,* that the justice had au-
thority, under the St. of 1872, *c.* 200, § 1, to act in the case; and that it was to be
presumed that he acted under his authority as justice, and that the court was not
in session at the time, notwithstanding the form of the certificate.

An officer's return on an execution, that a debtor arrested upon it did not desire to
take the poor debtor's oath, furnishes a full justification for his commitment of
the debtor to jail; and an additional statement that the debtor failed to procure
satisfactory sureties may be rejected as surplusage.

TORT against James Malley and Timothy Murray for false
imprisonment.   Trial in the Superior Court, before *Aldrich,* J.,
who reported the case for the determination of this court in sub-
stance as follows:

The jury found for the defendant Malley, and the only ques-
tion was as to the defence of the defendant Murray, a constable,
who arrested the plaintiff and committed him to jail.   Murray
justified the arrest under an execution issued from the First Dis-
trict Court of Eastern Worcester against the plaintiff, in favor
of Malley   His return thereon was as follows:

"Worcester, ss.   January 4th, A. D. 1873.   By virtue of this
execution, with the affidavit and certificate annexed, and for
want of goods, effects or credits found within my precinct, I
have this day arrested the body of the within named defendant
and have him before J. W. White, Esq., Justice of the First
District Court of Eastern Worcester, for examination.   Said de-
fendant not desiring to take the oath for the relief of poor debt-
ors, and failing to procure surety to the satisfaction of said court,
all of which will appear by the certificate of said court hereto
annexed, I have committed him to the jail in Worcester in said
county, and left an attested copy of this execution and the affi-
davit and certificate annexed, and my return thereon, with the
keeper of said jail.

"Timothy Murray, Constable of Southboro."

The certificate annexed to the execution was as follows:

" Worcester, ss. January 4th, A. D. 1873. By virtue of an execution issued by the First District Court of Eastern Worcester against Cyrus Hyde, of Southboro', in said county of Worcester, for the sum of twenty dollars and fifty-one cents debt or damage, and six dollars and sixty-five cents costs of suit, in favor of James Malley, of said Southboro', dated the twenty-seventh day of December, in the year of our Lord eighteen hundred and seventy-two, the said Cyrus Hyde is arrested and brought before the First District Court of Eastern Worcester, at Grafton, in said county, this fourth day of January, A. D. 1873, and says he does not desire to take the oath for the relief of poor debtors and fails to procure surety to the satisfaction of said court, and does not desire to have a time fixed for a hearing, and does not intend to pay said execution.

" James W. White, Justice First District Court E. W."

The plaintiff asked the judge to rule that the execution, with the return and certificate, furnished no justification to the defendant Murray for carrying the defendant to jail.

The judge declined so to rule, and, by consent of parties, before verdict, reported the case for the determination of this court. If the ruling asked for should have been given, the case was to stand for trial; otherwise, judgment for the defendant Murray.

*F. P. Goulding,* for the plaintiff.

*G. F. Verry & F. A. Gaskill,* for Murray.

AMES, J. Upon the assumption that a proper certificate was necessary to the officer's justification, (which we need not decide,) we find no error in his proceedings. He had the debtor before a magistrate who had authority to act in such a case. The District Court and the justice thereof have the same jurisdiction, power and authority as police courts and the justices thereof under the Gen. Sts. *c.* 124, § 9, and the St. of 1872, *c.* 200, § 1. Having authority to act in the case, it is to be presumed that he acted under that authority, and that the court was not in session at the time, notwithstanding the form of the certificate. *Richardson* v. *Burleigh,* 3 Allen, 479. *Sabins* v. *Jones,* 119 Mass. 167. The officer's return, that the debtor did not desire to take the poor debtor's oath, furnishes a full justi-

fication for his commitment to prison. The additional averment as to sureties must be taken to mean only that he offered no sureties, and it may be considered as mere surplusage.

*Judgment for the defendant.*