## COMMONWEALTH *vs.* JABEZ E. WALCOTT.

Bristol.   Oct. 22, 1878. — Jan. 1, 1879.   ENDICOTT & LORD, JJ., absent.

Under the St. of 1874, *c.* 293, § 5, a warrant issued by a special justice of the First District Court of Bristol, under his own hand and seal, and returnable to that court, is valid, notwithstanding that, by § 14, the court is given power to establish a seal and to issue all writs and processes.

COLT, J.   This is a motion to quash a complaint, because the warrant issued thereon was not under the seal of the District Court to which it was made returnable. The fact, that the seal upon the warrant was not the seal of the court was conceded, if competent and admissible. The complaint was made to a special justice of the court by name, and the warrant was issued by him under his own hand and seal, and was made returnable to the First District Court of Bristol. The words of the attestation clause in the warrant are, " Witness my hand and seal at Mansfield." It does not purport to have been issued by, or to be under the seal of the court. And the answer to the motion, if the objection be now open to the defendant, is that the special justice had authority to affix his own seal to the warrant. No question of disputed fact arises on this motion. *Commonwealth* v. *Donahue, ante,* 51.

The St. of 1874, *c.* 293, establishing the First District Court of Bristol, gives to it the jurisdiction exercised by the police courts of the Commonwealth, and subjects it to the provisions of law relating to criminal proceedings in courts of the latter description. It declares that all provisions applicable to such courts and their justices shall be applicable to that court and its justices; and provides for the appointment of one justice, two special justices, and a clerk. The general provisions applicable to police courts are found in the Gen. Sts. *c.* 116. The same

jurisdiction is there conferred on police courts in all matters relating to criminal offences as justices of the peace have; but that jurisdiction is declared to exclude other police courts and justices of the peace, except as provided in section 17 of the same chapter and section 32 of chapter 120. By these sections, authority was given to justices of the peace to issue warrants without fees, returnable before some police court, or trial justice, for examination. To this extent, the jurisdiction of justices of the peace, over offences committed in their respective counties, was carefully preserved, although the trial must be had in the court for the district where the offence is committed. It is further provided by the Gen. Sts. *c.* 170, §§ 9, 10, that, for the apprehension of persons charged with crime, the justices of the higher courts, or of any police court, in vacation as well as term time, and all justices of the peace, may issue process to bring offenders before the court or magistrate issuing it, or before some other court or magistrate, to be dealt with according to law. These provisions plainly manifest a purpose to provide for the apprehension of offenders upon process issued by the magistrates named, under their own hands and seals, but made returnable to the court having jurisdiction to try the case, because such process may oftentimes be more speedily obtained and the chances of escape diminished. · *Commonwealth* v. *Wolcott,* 110 Mass. 67. By the St. of 1877, *c.* 211, justices of the peace have now no authority to receive complaints and issue warrants, unless commissioned as trial justices. *Commonwealth* v. *Fay, ante,* 235.

It is provided by the fifth section of the act establishing this District Court, that either of the justices thereof may issue warrants in all proper cases, that no justice of the peace shall be allowed fees for warrants issued within the district, and that all warrants issued shall be made returnable to the court. St. 1874, *c.* 293, § 5. This plainly implies that the justices of the court may issue warrants as justices of the peace formerly might, each under his own seal; and, in view of the course of legislation, the fifth section is not controlled by the provisions of § 14, which gives to the court the power to establish a seal and issue all writs and processes. The latter power is not necessarily inconsistent with the previous authority given to the justices of

the court to issue warrants in all proper cases. See *Commonwealth* v. *McGuire*, 11 Gray, 459. *Exceptions overruled.*

*G. A. Adams*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.