## COMMONWEALTH *vs.* SARAH RYAN.

Barnstable. January 21. — 22, 1884. DEVENS & C. ALLEN, JJ., absent.

An indictment on the Pub. Sts. c. 101, § 6, for keeping and maintaining a common nuisance, to wit, a tenement used for the illegal sale and illegal keeping of intoxicating liquors, to the nuisance of all peaceable citizens, is sufficient, without more particularly charging the illegal sale or illegal keeping of intoxicating liquors; and is supported by proof that the tenement was used by the defendant for the illegal sale and illegal keeping of intoxicating liquors.

INDICTMENT on the Pub. Sts. *c.* 101, § 6, for keeping and maintaining a common nuisance, to wit, a certain tenement in Barnstable, used for the illegal sale and illegal keeping of intoxicating liquors, on October 1, 1882, and on divers other days and times between that day and October 8, 1883, "to the great injury and common nuisance of all peaceable citizens of said Commonwealth there residing, inhabiting, and passing, and against the peace of the Commonwealth, and contrary to the form of the statute in such case made and provided."

In the Superior Court, before the jury were empanelled, the defendant moved to quash the indictment, because it did not allege that the tenement was kept or maintained by the defendant for the purpose of the illegal keeping or illegal sale of intoxicating liquors by herself or others, or that it was used for the illegal keeping or illegal sale of intoxicating liquors by any person or persons with her knowledge and consent. *Gardner,* J., overruled the motion; and the defendant excepted.

At the trial, there was no evidence tending to show that any acts of the defendant in or about the tenement named in the indictment were "to the great injury and common nuisance of all peaceable citizens of said Commonwealth there residing, inhabiting, and being," except that the defendant kept and maintained a tenement used for the illegal sale and illegal keeping of intoxicating liquors. The defendant asked the judge to rule that there was a variance between the allegations of the indictment and the proof; but the judge refused so to rule.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. M. Day,* for the defendant.

*H. N. Shepard,* Assistant Attorney General, (*E. J. Sherman,* Attorney General, with him,) for the Commonwealth.

BY THE COURT. The questions raised in this case are decided in *Commonwealth* v. *Kelly,* 12 Gray, 175, and *Commonwealth* v. *Farrand,* 12 Gray, 177. *Exceptions overruled.*