## COMMONWEALTH *vs.* LUTHER B. BRUSIE.

Berkshire.    Sept. 27. — Oct. 20, 1887.    C. ALLEN & HOLMES, JJ., absent.

A complaint on the Pub. Sts. *c.* 101, § 6, alleging the keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, need contain no other allegation negativing an authority to keep or sell intoxicating liquors.

If a complaint is received by the justice of a district court, and is sworn to before him, and he issues a warrant, it is to be presumed that he acted under his authority as justice, and that the court was not in session at the time, although the complaint is stated to have been sworn to before the court.

If a complaint is received by the justice of a district court, and is sworn to before him, and he issues a warrant, it is not necessary that the clerk should sign the jurat or the warrant, or that the warrant should bear the teste of the justice.

An objection to the form of a warrant, issued for the arrest of an accused person by a justice of a district court, for an offence within the jurisdiction of that court, cannot be taken, for the first time, in the Superior Court on appeal.

COMPLAINT to the District Court of Southern Berkshire, on the Pub. Sts. *c.* 101, § 6, for keeping and maintaining a common nuisance, to wit, a certain tenement in Great Barrington, used for the illegal sale and illegal keeping of intoxicating liquors, on May 1, 1886, and on divers other days and times between that day and October 12, 1886.    At the trial in the Superior Court, on appeal, the defendant pleaded guilty ; and alleged exceptions, which appear in the opinion.

*H. C. Joyner,* for the defendant.

*E. J. Sherman,* Attorney General, for the Commonwealth.

DEVENS, J.    The motion to dismiss the complaint filed in the district court was there properly overruled.    The complaint charged the keeping and maintaining a common nuisance, by keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors.    No other allegation negativing an authority to keep or sell intoxicating liquors was essential ; and if the defendant relied upon any appointment or authority to sell intoxicating liquors, it was for him to prove it.    *Commonwealth* v. *Bennett,* 108 Mass. 27.    *Commonwealth* v. *Ryan,* 136 Mass. 436.    *Commonwealth* v. *Rafferty,* 133 Mass. 574.

In the Superior Court, the defendant filed a motion to quash the complaint for the following reasons : 1. Because the person

receiving the complaint had no authority to do so. 2. Because said complaint purports to have been made to the District Court of Southern Berkshire, while the fact is not certified to by the clerk of said court. 3. Because the warrant does not bear the teste of the first justice of said court, and is not signed by the clerk of said court.

Assuming that some of these objections are not merely formal, and that, if well founded, they would go to the jurisdiction of the court, the case at bar is covered by the decision in *Sabins* v. *Jones*, 119 Mass. 167. The Pub. Sts. *c.* 154, § 22, reënacting the Gen. Sts. *c.* 116, § 16, provide that a justice or special justice of a police or district court " may receive complaints and issue warrants, when the court is not in session." The defendant contends that the complaint was made to the court, and that the warrant was issued while the court was in session ; but there is no evidence of this. It sufficiently appears by the record that the complaint was received by the justice, and sworn to before him, and that he issued the warrant. Having authority to do this, it is to be presumed that he acted under that authority, and that the court was not in session at the time, although in form the complaint is stated to have been sworn to before the court. Where the complaint is received and sworn to before the justice, and the warrant is issued by him, it is not necessary that the clerk should sign the jurat or the warrant, or that the warrant should bear the teste of the justice of the district court. These requirements (*c.* 154, § 30) apply to proceedings before the court, and not to those before the justice acting by the authority given him to be exercised when the court is not in session.

An objection to the form of the warrant on account of any irregularity therein, where the court below has jurisdiction, must appear to have been taken there. *Commonwealth* v. *Hart*, 123 Mass. 416.                              *Exceptions overruled.*