HENRY PARKMAN *vs.* CHARLES J. MCCARTHY.
SAME *vs.* MARCUS B. MCCARTHY & others.

Suffolk.     April 1, 1889. — June 20, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Statutes of Distribution — Illegitimate Child — Next of Kin — Right
of Representation — Escheat.*

Under the Pub. Sts. c. 135, § 3, cl. 2, providing that an intestate's personalty shall, with certain exceptions, go to those who would take his realty under the Pub. Sts. c. 125, the personal estate of an illegitimate person who died in 1888 is to go to those persons who would take his real estate under § 4 of c. 125, as amended by the St. of 1882, c. 132, and not as that section stood when the Public Statutes were enacted.

If such illegitimate intestate leaves no wife or issue, and no relatives except a brother and sister of his mother and children of her deceased brothers, his personal estate, under the Pub. Sts. c. 125, § 1, cl. 6, will go to the uncle and aunt, to the exclusion of his cousins.

TWO APPEALS from decrees of the Probate Court upon petitions for orders of distribution by the administrator of the estate of William C. McCarthy. Hearing before *Devens*, J., who reported the case for the consideration of the full court, in substance as follows.

William C. McCarthy, who died intestate on February 6, 1888, leaving no wife or issue, was the illegitimate son of Ann Edwards, who died before him and was the only child of one

Edwards and his wife.   After Edwards's death, his widow married Lawrence McCarthy, who had children by her, Mary Walsh and Michael McCarthy, both of whom are living, and John and Lawrence, both of whom died before the intestate, leaving children.   The Probate Court made decrees of partial distribution to Mary and Michael, and the children of John and Lawrence appealed to this court.

The questions presented at the hearing were, first, Are the uncle and aunt the only next of kin, or are the children of the deceased uncles entitled to any share as next of kin? and secondly, Does the personal property escheat to the Commonwealth?

*H. Parkman, pro se.*

*J. A. Maxwell,* for Mary Walsh.

*J. Bennett,* for Michael McCarthy.

*A. J. Waterman,* Attorney General, for the Commonwealth.

*J. F. Cronan,* for one of the appellants.

*F. Burke,* for other appellants.

W. ALLEN, J.   An illegitimate person died intestate in the year 1888, leaving no wife, issue, or mother.   A brother and a sister of his mother, and children of deceased brothers of his mother, survived him.   The questions presented by the report are, whether his personal estate escheated to the Commonwealth, and, if it did not, whether the children of the deceased brothers of his mother are entitled to any share of it.

The statute of descents (Pub. Sts. c. 125, § 4) provided that, if an illegitimate child died without issue who could inherit his estate, it should descend to his mother.   This was amended, in less than two months after it took effect, by the St. of 1882, c. 132, by adding the words, "or in case she is not living, to the persons who would have been entitled thereto by inheritance through his mother if he had been a legitimate child."   Under this statute, the kindred of his deceased mother would inherit from him as if he had been her legitimate son; they are made his kin through her, and they inherit from him, and not from her.   As the intestate in the case at bar left no father or mother, brother or sister, and no issue of any deceased brother or sister, his real estate would descend to his next of kin in equal degree. Pub. Sts. c. 125, § 1, cl. 6.   The St. of 1882, c. 132, makes the brothers and sisters of his mother his kin, and they would take

his real estate to the exclusion of the children of her deceased brothers, who are one degree farther removed. *Conant* v. *Kent,* 130 Mass. 178.

By the statute of distributions, (Pub. Sts. c. 135, § 3, cl. 2,) personal estate of an intestate "shall be distributed among the persons who would be entitled to the real estate by chapter one hundred and twenty-five, and in the same proportions as there prescribed," with exceptions which need not be noted. The question is, whether chapter 125 of the Public Statutes, as it was originally enacted, or as it is amended by the St. of 1882, c. 132, is to govern the distribution of the personal estate. We think that when the Public Statutes, in c. 125, provided for the descent of real estate, and in c. 135 for the distribution of personal estate to the persons who would be entitled to the real estate under c. 125, the intention was to refer to the latter statute, as from time to time it might be amended. Chapter 125 is entitled "Of the descent of real estate," and the reference to it as c. 125 may well be intended to be a reference to the statute of descents.

The manifest intention of the Legislature has been, that, with specific exceptions, the personal property of an intestate should go in the same direction as the real estate. The form has been the general adoption of the enactments concerning the descent of real estate into the statute concerning the distribution of personal property. Formerly, the provisions were contained in the same chapter or section. See St. 1783, c. 36; St. 1789, c. 2; St. 1805, c. 90. They appear in separate chapters in the Rev. Sts. cc. 61, 64. The Gen. Sts. c. 94, § 16, cl. 3, are the same in substance as the Pub. Sts. c. 135, § 3, cl. 2, the reference being to chapter 91 of the General Statutes. When the St. of 1876, c. 220, repealed the Gen. Sts. c. 91, § 1, and substituted a statute of descents materially different from that, it amended the Gen. Sts. c. 94, § 16, cl. 3, by adding, after the reference to c. 91, the words, "or by any acts in amendment thereof, or in addition thereto." This provision seems rather declaratory than remedial, and indicates the intention of the Legislature to prevent any doubt which might have arisen from the repeal of the former statute that distribution was to be according to the existing statute of descents. The St. of 1876, c. 220, was amended in regard to the descent of real estate by the St. of 1880, c. 219, and that

amendment was incorporated into the Pub. Sts. c. 125, § 1.  In treating it as applicable to the distribution of personal property by the reference in c. 135, as well as by omitting § 4 of the St. of 1876, c. 220, in regard to amendments to the chapter referred to, there does not appear to have been any intention to change the law.

We think that the personal estate is to be distributed, not to the persons to whom the real estate would have descended by the Pub. Sts. c. 125, as it stood at the time of the enactment of the Public Statutes, but to the persons who would take the real estate under the statute as it stood at the time of the death of the intestate, and that the brother and sister of the mother of the deceased take, to the exclusion of the children of her deceased brothers.                                    *Decrees affirmed.*