COMMONWEALTH *vs.* LORENZO H. FRANCIS.

Bristol.    October 28, 1890. — November 26, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Sales by Licensed Innholder — Labor Day.*

A licensed innholder cannot, under the St. of 1888, c. 254, § 2, lawfully sell intoxicating liquors on Labor Day, except to *bona fide* guests or travellers sojourning at the inn, since § 1 of that chapter was amended by the St. of 1889, c. 347, to include this holiday.

CONTRACT for keeping and maintaining a common nuisance, to wit, a tenement used for the illegal sale and keeping for sale of intoxicating liquors in Taunton, from May 1 to September 3, 1889.

At the trial in the Superior Court, before *Thompson,* J., there was evidence that the defendant was the proprietor of a hotel in Taunton ; that he held an innholder's license and a license to sell intoxicating liquors to be drunk on the premises during the time in question ; and that on Labor Day, which fell on September 2, 1889, he sold intoxicating liquors on the premises to persons who were not *bona fide* guests or travellers sojourning at his inn.    The defendant asked the judge to rule, and instruct the jury, that sales made by the defendant on Labor Day would not be punishable under the complaint, and that the defendant, as

an innholder holding the said license, had a legal right to sell intoxicating liquors on that day to any persons to whom he would have a right to sell on any week day or secular day, and that the statutes prohibiting such sales by common victuallers did not apply to innholders. The judge refused so to rule, and ruled and instructed the jury, that on Labor Day he could sell only to *bona fide* guests or travellers sojourning at his inn, and sales to other persons on that day would be punishable under this complaint.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. Brown & R. C. Brown*, for the defendant.

*H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

DEVENS, J. The defendant had an innholder's license to sell intoxicating liquors. By the St. of 1887, c. 263, the first Monday in September, commonly known as Labor Day, was made a legal holiday "to all intents and purposes." The St. of 1888, c. 254, § 1, prohibited sales made of intoxicating liquors by common victuallers under a penalty on certain specified holidays (not enumerating Labor Day). Section 2 of the same act prohibited, under a penalty, sales by innholders having a license on "either of the days named" in § 1, except to *bona fide* guests or travellers sojourning at the inn. The St. of 1889, c. 347, added after the the word "Memorial Day," in § 1 of chapter 254 of the St. of 1888, the words "Labor Day," and directed that such section should thereafter read with these words inserted, and thus made it one of the days which came within the provisions of § 1 of the act of 1888.

The ruling of the court was that the defendant, who was a licensed innholder, could sell on Labor Day "only to *bona fide* guests or travellers sojourning at his inn." It is the contention of the defendant that the prohibition on innholders forbidding sales by them "on either of the days named" in the St. of 1888, c. 254, § 1, is not extended to holidays which were subsequently inserted in that section. This contention is, in our view, erroneous. The statute of 1888 assumed to deal with sales of intoxicating liquors on holidays by two classes of licensed persons, victuallers and innholders, enumerating in § 1,

which concerned the victuallers, the holidays to which the statute was applicable, and referring to this enumeration in § 2, which related to the innkeepers.   Section 1 having been amended by including a day not within the original enumeration, and by directing that the section should thereafter be thus read, the reference of § 2 must be held to extend to § 1, as the same is thus amended.   Such was the ruling of the court.   *Parkman* v. *McCarty*, 149 Mass. 502.                    *Exceptions overruled.**

---

* A similar decision was made in Middlesex on the same day, in the case of

COMMONWEALTH *vs.* FRANK E. SHAW.

Complaint for exposing and keeping for sale intoxicating liquors at Lowell, on September 2, 1889, with intent unlawfully to sell the same in this Commonwealth.   At the trial in the Superior Court, before *Sherman*, J., there was evidence that the defendant, who held an innholder's license and a license to sell intoxicating liquors to be drunk on the premises, sold such liquors on the day alleged, which was Labor Day, to persons who had not resorted to his house for food or lodging.   The judge refused to rule, as requested by the defendant, that sales otherwise lawful under his license to such persons were not rendered unlawful by reason of having been made on that day.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. B Goodrich*, for the defendant.

*A. J. Waterman*, Attorney General, and *H. C. Bliss*, First Assistant Attorney General, for the Commonwealth.

DEVENS, J.   This case is governed by *Commonwealth* v. *Francis, ante,* 508.