COMMONWEALTH *vs.* MARGARET LYNN.

SAME *vs.* SAME.

Hampshire.    September 15, 1891. — September 22, 1891.

Present: ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Intoxicating Liquors — Complaint and Warrant — Formal Defects — District Court — Special Justice.*

Objections to a complaint and warrant for formal defects apparent on the face thereof are waived by a failure to make them at the time of the defendant's arraignment in a district court, and a motion to dismiss filed in the Superior Court on appeal comes too late.

If a complaint is addressed to a "special justice" of a district court, and that title also is appended to his signature to the jurat, and he issues a warrant thereon, it is to be presumed that the complaint was properly received by him and the warrant properly issued, that he was acting within his jurisdiction under the Pub. Sts. c. 154, § 22, and that the court was not in session.

TWO COMPLAINTS, for unlawfully exposing and keeping for sale intoxicating liquors with intent unlawfully to sell the same. The complaint in each case was addressed " To A. J. Fargo, a Special Justice of the District Court of Hampshire," and the jurat thereon was signed " A. J. Fargo, Special Justice." The warrant issued upon each complaint was also signed " A. J. Fargo, Special Justice." Neither the complaint nor the warrant bore a seal of the court.

In the Superior Court, before the jury were impanelled, the defendant filed the following motion to dismiss the complaint: "1. Because said complaint and warrant are not in due form of law.    2. Because there is no seal of the District Court of Hampshire attached to the complaint or warrant in said case.

3. Because it does not appear that A. J. Fargo, Esq. had any right or authority to receive said complaint or issue said warrant. 4. Because said complaint and warrant are not sufficiently signed, sealed, and executed according to law. 5. Because no offence known to the laws of the land is plainly and formally, fully, and substantially alleged, charged, or set forth in said complaint and warrant."

At the hearing before *Thompson*, J., upon this motion, it appeared that A. J. Fargo was a special justice of the District Court of Hampshire, and that this court had both a clerk and a seal. The judge overruled the motion, and the defendant excepted.

The defendant was then tried, and the jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. B. O'Donnell*, for the defendant.

*A. E. Pillsbury*, Attorney General, *& C. N. Harris*, Second Assistant Attorney General, for the Commonwealth.

KNOWLTON, J. If the defendant's objections to the warrant could have availed her if made at the time of the arraignment in the district court, which we do not intimate, they were waived by her failure to make them there, and her motion to dismiss, filed in the Superior Court, came too late. *Commonwealth* v. *Wolcott*, 110 Mass. 67. *Commonwealth* v. *Hart*, 123 Mass. 416. *Commonwealth* v. *Wait*, 131 Mass. 417. Pub. Sts. c. 214, § 25.

The complaint appears to have been properly received by the special justice, and it was proper for him to issue the warrant. " A justice or special justice may receive complaints and issue warrants, when the court is not in session." Pub. Sts. c. 154, § 22. It is to be presumed that the magistrate acted within the authority given him by the statute, and that the court was not in session. *Hyde* v. *Malley*, 121 Mass. 388. *Commonwealth* v. *Brusie*, 145 Mass. 117.

His official character is sufficiently shown by the complaint, which describes him as " Special Justice of the District Court of Hampshire," and by the words "Special Justice " appended to his signature to the jurat. *Commonwealth* v. *Maguire*, 11 Gray, 459. All the questions raised by the defendant are covered by previous adjudications of this court.

*Exceptions overruled.*