COMMONWEALTH *vs.* JULIUS MARCHAND.

Bristol.    October 27, 1891. — November 24, 1891.

Present: ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Intoxicating Liquors — Illegal Transportation — Former Conviction — Similar Offence — Sentence.*

On a complaint for bringing intoxicating liquors into a town, contrary to the Pub. Sts. c. 100, § 17, at a time when the penalty therefor was, by the Sts. of 1889, cc. 114, 268, a fine "and" imprisonment, a conviction was proved against the defendant of bringing liquors into the same town contrary to the same statute at a time when the penalty was, by the Pub. Sts. c. 100, § 18, a fine "or" imprisonment. *Held,* that the former conviction was for a "similar offence," within the Pub. Sts. c. 215, § 8, and that a sentence of both fine and imprisonment must be imposed.

COMPLAINT on the Pub. Sts. c. 100, § 17, for unlawfully bringing intoxicating liquors into Westport, on March 7, 1891, with intent unlawfully to sell the same therein. Trial in the Superior Court, on appeal, before *Braley,* J., who, after a verdict of guilty, reported the case for the determination of this court. The case, so far as material to the point decided, appears in the opinion.

*H. A. Dubuque,* for the defendant.

*A. E. Pillsbury,* Attorney General, for the Commonwealth.

HOLMES, J.  The defendant was convicted of the offence of bringing intoxicating liquors into a town, contrary to the Pub. Sts. c. 100, § 17.  At the time of the offence and of the conviction the penalty was fixed by the Sts. of 1889, cc. 114, 268, and consisted of fine and imprisonment.  By the Pub. Sts. c. 215, § 8, in such cases " the offender may, at the discretion of the court, be sentenced to be punished by such imprisonment without the fine, or by such fine without the imprisonment, in all cases where he shows to the satisfaction of the court that he has not before been convicted of a similar offence."  A conviction in 1886 was proved, of bringing liquors into the same town contrary to the same statute.  At that time the penalty was fine or imprisonment, by the Pub. Sts. c. 100, § 18.  The defendant asked for a ruling, that, notwithstanding the conviction of 1886, the court had discretion to impose a fine without the imprisonment; but the court ruled the other way, subject to the defendant's exception, and reported the question.

The ruling was right.  The offence of which the defendant was first convicted was an offence against the same statute as the present, and it was none the less a similar offence, within the meaning of the Pub. Sts. c. 215, § 8, ( *Commonwealth* v. *Fontain*, 127 Mass. 452, 454,) that the penalty was different.  The nature of the two illegal acts was the same.  It is suggested that the effect of the ruling is to impose a further punishment upon the offence of 1886, but such is not the fact.  The whole punishment is for the later offence.  The effect of the ruling is, that the statute of 1889 bears more heavily upon future offences by previous offenders than upon first offences, in so far that no discretion is given to mitigate the statutory penalty in the former case, as it is in the latter, if, as we assume, § 8 of the Pub. Sts. c. 215, applies to penalties imposed by subsequent statutes.  See *Parkman* v. *McCarthy*, 149 Mass. 502, 504.  There is nothing in the law of which the defendant can complain.  *Ross's case*, 2 Pick. 165. *Riley's case*, 2 Pick. 172.  *Plumbly* v. *Commonwealth*, 2 Met. 413, 415.  *Rand* v. *Commonwealth*, 9 Gratt. 738.  *Ex parte Gutierrez*, 45 Cal. 429.  *People* v. *Stanley*, 47 Cal. 113.

*Sentence of both fine and imprisonment.*