COMMONWEALTH *vs.* MICHAEL J. EARLY.

Middlesex.    March 2, 1894. — March 28, 1894.

Present: FIELD, C. J., ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Illegal Keeping — Common Nuisance — Sale — Evidence — Distinct Offences
in one Count — Formal Defect — Appeal.*

On the trial of three complaints for the illegal keeping of intoxicating liquors,
for keeping and maintaining a common nuisance consisting of a building used
for the illegal sale and illegal keeping of intoxicating liquors, and for an un-
lawful sale of intoxicating liquors, the defendant, in order to meet the evi-
dence of the government tending to show his proprietorship of the premises in
question, put in evidence a lease of the premises from the owner to a third per-
son dated a few days before the date of the alleged offences, and testified that he
gave up the premises to such new lessee. The government, for the purpose of
showing that the lease was not given in good faith, and that the place was not
given up by the defendant to the new lessee, asked him, on cross-examination,
whether on the day the lease was executed he did not state to a certain person
that he wanted to have a certain case then pending against him settled, as he
had a lot of farming to do, wanted to plant five acres of potatoes, and wanted
to be at liberty to do so, and, on his replying in the negative, called in rebuttal
the person named in the question to the defendant, who testified that the de-
fendant made such a statement to him. *Held,* that the question to the defend-
ant and the evidence of the witness were competent.

A complaint alleging that on a day named the defendant "did sell intoxicating
liquor, to wit, lager beer, to certain persons whose names are unknown" to the
complainant, does not charge a sale to several persons, but charges several
sales to several persons, and combines distinct offences in one count; and as the
defect is a formal one, no advantage can be taken of it for the first time in the
Superior Court on appeal.

LATHROP, J. These are three complaints. The first for
keeping, on May 21, 1893, intoxicating liquors with intent
unlawfully to sell the same in this Commonwealth; and the
second for keeping and maintaining, on May 3, 1893, and on
divers other days and times between that day and May 22, 1893,
a certain common nuisance, to wit, certain buildings named,
used for the illegal sale and illegal keeping of intoxicating
liquors. The third complaint charges that the defendant, on
May 21, 1893, at a place named, "did sell intoxicating liquor,
to wit, lager beer, to certain persons whose names are unknown
to said complainant." The cases were tried together in the
Superior Court, where the defendant alleged numerous excep-

tions, which appear in the bill before us. The case has been submitted to us on briefs.

The defendant in his brief has contented himself with merely stating what some of the exceptions are, but has set forth no reason why these exceptions should be sustained, and has referred to no authorities in support of them. We treat these exceptions as waived.

The exceptions which are argued remain to be considered.

The principal question at the trial was whether the defendant was the proprietor of the place referred to in the complaints. The government introduced testimony tending to prove that he was such proprietor. The defendant put in evidence a lease of the place from the owner thereof to a third person, dated May 1, 1893, and testified that he gave up the place to him. There was evidence tending to show that this lease was not given in good faith, but was intended as a mere form, to be used in case a complaint should be made against the defendant.

In this state of the evidence the defendant was asked by the government, on cross-examination, if on May 1 he did not have a conversation with a certain person named, in which he said that he wanted to have a certain case then pending against him settled, as he had a lot of farming to do, wanted to plant five acres of potatoes, and wanted to be at liberty to do so. This question was objected to, but the objection was overruled. The defendant answered that he remembered no such conversation. In rebuttal, the government was allowed to call the person named in the question to the defendant, and he was allowed to testify that he had such a conversation. The defendant excepted to the question put to him, and to the admission of the testimony of the witness.

Under instructions given by the presiding judge, the jury must have found that the five acres referred to were included in the lease above mentioned, if they took the evidence of the conversation into consideration, and that the conversation took place after the lease was made. The object of the question to the defendant and to the government witness was to show statements on the part of the defendant inconsistent with the defence that the lease was a valid one, and that the place was given up to the lessee. For this purpose the evidence was clearly

competent, and it was so limited in the instructions. *Commonwealth* v. *Dearborn*, 109 Mass. 368.

The remaining exception relates to the third complaint. The defendant asked the judge to rule that there was no evidence that a sale was made to persons unknown. The judge refused so to rule, and instructed the jury that, if they were satisfied that the defendant made a sale of intoxicating liquor to one person whose name was unknown, the allegation of the complaint was sustained; and that it was not necessary to show one sale made to two or more persons.

We are of opinion that the complaint does not charge a sale to several persons, but charges several sales to several persons; and thus combines in one count distinct offences. This was a formal defect which could not be taken advantage of for the first time in the Superior Court on appeal. Pub. Sts. c. 214, § 25. *Commonwealth* v. *Wolcott*, 110 Mass. 67. See also *Simpson* v. *Commonwealth*, 111 Mass. 417, 419.

*Exceptions overruled.*

*F. P. Curran*, for the defendant.

*G. A. Sanderson*, Assistant District Attorney, for the Commonwealth.