COMMONWEALTH *vs.* IRA E. NEWHALL & another.

Berkshire.     September 10, 1895. — October 15, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Itinerant Vendors — Statute — Revenue Act — Police Power — Tax upon Interstate Commerce.*

Persons who are a part of a travelling troupe composed of Indians, a comedian, and a physician, which troupe gives entertainments consisting of songs, dances, farces, Indian ceremonies, and lectures, the purpose of which and its entertainments is to advertise certain proprietary medicines, and which hires and occupies for two weeks a public hall in a town, and there offers for sale, and sells, both during the entertainments, which are in the evenings, and during the daytime, bottles of the medicines to such parties as call for them, may be found to be itinerant vendors within St. 1890, c. 448, § 1.

The St. 1890, c. 448, as to itinerant vendors, as amended by St. 1894, c. 525, is not a revenue act, but a statute passed under the police power of the Commonwealth, and does not impose a tax upon interstate commerce.

INDICTMENT, against Ira E. Newhall and James P. Campbell, for violating the provisions of St. 1890, c. 448, as amended by St. 1894, c. 525, relating to itinerant vendors. At the trial in the Superior Court, before *Gaskill,* J., the defendants asked the judge to rule that, upon all the facts and evidence in the case, the defendants could not be convicted on the indictment, they not being itinerant vendors within the meaning of St. 1890, c. 448, as amended by St. 1894, c. 525; and also because the defendants were in the employ of a foreign company, and had in their possession goods the property of such foreign company, imported or sent into this Commonwealth by said foreign company for the purpose of sale, and offered for sale by the defendants in the same form and shape in which they were imported into this Commonwealth.

The judge declined so to rule, and ruled that, if the jury should find that the defendants engaged in a temporary or transient business as alleged, selling the goods in question, and if one of the objects and purposes of the defendants in hiring the building in question was to expose for sale and to sell therein these medicines, and if they did there keep a stock of such medicines and expose them for sale and sell them there, it would be competent for the jury to return a verdict of guilty; otherwise, they should return a verdict of not guilty.

The jury rendered a verdict of guilty against each of the defendants, and sentence was passed; and the judge, at the request of the defendants, reported the case for the determination of this court. The facts appear in the opinion.

If the ruling and refusals to rule were correct, or it was competent upon the evidence for the jury to return a verdict of guilty, the verdict and sentence were to stand; otherwise, the verdict was to be set aside.

*H. C. Joyner*, for the defendants.

*C. L. Gardner*, District Attorney, for the Commonwealth.

BARKER, J. By the statute definition, all persons " who engage in a temporary or transient business in this State, either in one locality or in travelling from place to place selling goods, wares, and merchandise, and who for the purposes of carrying on such business hire, lease, or occupy any building or structure for the exhibition and sale of such goods, wares, and merchandise," are itinerant vendors. St. 1890, c. 448, § 1.

The defendants' first contention is that they are not within this definition. They are part of a travelling troupe, which is composed of Indians, a comedian, and a physician, and which gives entertainments consisting of songs, dances, farces, Indian ceremonies, and lectures. The purpose of the troupe, and of their entertainments, is to advertise certain proprietary medicines. The troupe hired and occupied for two weeks a public hall in Great Barrington, and there offered for sale, and sold, both during the entertainments, which were in the evenings, and during the daytime, bottles of the medicines to such parties as called for them.

Without considering whether the statute was meant to include all travelling troupes which, in the course of some entertainment to which the public are admitted, sell books explanatory of the

entertainment, refreshments, or like wares, we are of opinion that upon the evidence the defendants were clearly engaged in the business of selling merchandise, and were for that purpose temporarily hiring and occupying a building for the exhibition and sale of their goods, and so within the statute. Whether Sts. 1890, c. 448, and 1894, c. 525, are open to objection as imposing a tax prohibited by the Constitution of the Commonwealth is a question not raised, and upon which we express no opinion.

The defendants also contend that because they were employed by a foreign company, and had in their possession its goods imported into this Commonwealth for sale, and offered for sale here by the defendants in the same form and shape in which the goods were imported, the defendants were not liable for not having licenses as itinerant vendors. This contention is not put upon the ground that the goods offered for sale were in the original packages, but upon the ground that the statute is a revenue statute, and that in the case of the present defendants the licenses required were merely for revenue, and their requirement void as a tax upon interstate commerce under the doctrine of *Brennan* v. *Titusville*, 153 U. S. 289. But in that case the license, the requirement of which from the soliciting agent of a foreign manufacturer was held invalid, was a license which was not exacted and did not purport to be exacted in the exercise of the police power, but of the taxing power of the State, being for general revenue purposes, as stated by the ordinance imposing it, which ordinance was made by the municipality under a grant of authority to levy and collect license taxes. On the other hand, our statutes now under consideration purport to be and are passed under the police power of the Commonwealth, for the purpose of preventing and punishing fraud in sales by itinerant vendors, and an examination of the statutes makes it appear that such is their real design, and that the provisions for State and local licenses are merely incidental means of compensating the State and the localities in which the itinerant vendors ply their business for the expenses of necessary State and local supervision. See *Commonwealth* v. *Crowell*, 156 Mass. 215, and cases cited.

Sentences having been imposed upon the defendants in accordance with the provisions of St. 1895, c. 469, the verdict and sentences are to stand.

*So ordered.*