*Exceptions overruled.*

---

COMMONWEALTH *vs.* ALEXANDER D. REID.

SAME *vs.* SAME.

Suffolk.    November 20, 1899. — March 1, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Unlawful Sale of Ice — Complaint — Formal Defects — " Provisions " — Statute — Peddler — Instructions — City Ordinance.*

It is too late to object in the Superior Court that a complaint filed originally in an inferior court is insufficient in form.

A complaint, alleging that, at a time and place named, the defendant " did go from place to place carrying and exposing for sale certain goods, wares, and merchandise, to wit, ice, without then and there having a license from the Secretary of said Commonwealth so to do," describes in substance, if not in form, a violation of Pub. Sts. c. 68, § 16, and not a violation of St. 1890, c. 448.

Ice is not included in the term "provisions," within Pub. Sts. c. 68, § 1, permitting any person to go from place to place in the same town exposing for sale and selling provisions.

Driving a load of ice through the streets of a city, calling out "Ice," and twice selling ice to a person standing in the street who then and there paid for the same, is sufficient evidence that the one doing these acts was going from place to place carrying and exposing merchandise for sale; and the fact that he did this as an employee of a solvent corporation which not only sent out a cart to peddle ice, but also delivered ice to persons who had previously ordered the same, and the further fact that the occupants of the house to which the purchaser above mentioned had directed the ice bought by him on the street to be delivered, were among the customers in the list handed by the corporation to the employee, do not make his actions any the less a violation of Pub. Sts. c. 68, § 16.

In view of the fact that the defendant in a complaint for unlawfully carrying and exposing ice for sale was seen driving along a street and calling out " Ice," sales made by him on the street are evidence on which the jury are warranted in finding that selling ice from a wagon driven by him was within the general scope of his business.

A request for a ruling based upon a fact of which there is no evidence is rightly refused.

The fact that the defendant in a complaint for unlawfully carrying and exposing ice for sale, some time after the sales shown in evidence were made, ceased to be employed by the corporation in whose employ he then was, shows that he was employed temporarily in the established business of that corporation, and not that, at the time in question, he was engaged in a temporary or transient business, within St. 1890, c. 448; and, if he were engaged temporarily in peddling ice for that corporation, he is guilty of a violation of Pub. Sts. c. 68, § 16.

Evidence that a person in the employ of a corporation drove through a street, calling out "Ice," and sold ice from the wagon to a person on the street who paid for the same, does not tend to prove that the former was an itinerant vendor, within St. 1890, c. 448, but tends to show that he was peddling ice for the corporation, which also conducted an established business in selling ice.

A complaint, alleging that, on a day named, at Boston, the defendant "did sell to the complainant," in a certain street, "a certain article, to wit, a piece of ice, said complainant being then and there on said street, and said defendant not then and there having a permit from the superintendent of streets of said city of Boston to sell as aforesaid," sufficiently describes a violation of Rev. Ord. of Boston of 1890, c. 43, § 35, within Pub. Sts. c. 213, § 17, providing that in such a case the by-law on which the complaint is founded need not be set forth.

Two complaints. The first complaint, under Pub. Sts. c. 68, § 16, alleged that the defendant, on July 21, 1898, at Boston, "did go from place to place carrying and exposing for sale certain goods, wares, and merchandise, to wit, ice, without then and there having a license from the Secretary of said Commonwealth so to do."

The second complaint, under Rev. Ord. of Boston, of 1890, c. 43, § 35, alleged that the defendant, on July 21, 1898, at Boston, "did sell to the complainant in West Second street, near E street, a certain article to wit: a piece of ice, said complainant being then and there on said street, and said defendant not then and there having a permit from the Superintendent of Streets of said City of Boston, to sell as aforesaid."

In the Superior Court, before the jury were empanelled, the defendant moved to quash the complaint in each case, for the following reasons: "1. No offence known to the law is plainly and substantially set forth in said complaint. 2. It does not plainly appear from said complaint whether the prosecution is under Pub. Sts. c. 68, or under St. 1890, c. 448."

These motions were overruled; and the defendant excepted.

The cases were tried together, before *Stevens*, J., who allowed a bill of exceptions, in substance as follows.

The evidence showed that on July 21, 1898, the defendant, then an employee of the Boston Ice Company, was driving one

of that company's ice wagons along West Second Street in Boston. The complainant testified for the government, that as the wagon approached the place where he was standing, near the corner of West Second and E Streets, he heard the defendant shout " Ice, ice," several times, and saw the defendant deliver ice at several houses ; that when the wagon reached that corner, the witness purchased a piece of ice and paid ten cents therefor to the defendant, and when the wagon had proceeded about half a block further, he bought another piece of ice of the defendant and paid him another ten cents therefor ; that both pieces of ice were delivered by the direction of the witness at the house No. 301 West Second Street; and that before buying the second piece of ice, the witness told the defendant that his intention was to test the question whether the defendant could sell without a license, but that the latter did not know him, and the two had never seen each other before.

The defendant introduced evidence showing that the Boston Ice Company was a solvent corporation, established for many years, and continuously occupying business premises in Boston ; that the custom of its business was at the beginning of the year to cause its solicitors to procure orders for the delivery of ice upon its routes; that such orders were transmitted to the office of the company, where lists of the houses at which ice was so ordered to be delivered were made up and given to the different drivers of its wagons ; that the list of customers given by the company to the defendant included the occupants of the house No. 301 West Second Street, and of the houses adjoining it on each side ; and that the ice delivered by the defendant was the property of the company, and all proceeds received therefor were transmitted to the office of the company. It appeared also that the defendant was for some months in the employ of the company, but had ceased to be in its employ after the sales in question.

The defendant requested the judge to instruct the jury in each case as follows :

" 1. The government has not alleged and proved any offence under the law.   2. The government has not plainly set forth in the complaint the offence intended to be alleged ; and

whether it was intended to charge the defendant as a peddler or an itinerant vendor. 3. The offence and the penalty of selling as an itinerant vendor and of selling as a peddler being now different, the defendant cannot be convicted under this complaint, which fails to state which offence is intended to be alleged. 4. If the defendant was a selling agent in the usual course of business of a trader occupying a building for the sale of his goods, the complaint cannot be maintained. 5. There is no sufficient evidence that the defendant was a peddler to sustain a conviction as such under the Public Statutes. 6. If the defendant's occupation was a temporary or transient business, and any building was occupied for the sale of his goods, he cannot be convicted under these complaints. 7. The evidence tends to prove that the defendant was an 'itinerant vendor' within the definition in St. 1890, c. 448, § 1, and as to such itinerant vendors, Pub. Sts. c. 68, is repealed."

But the judge refused so to instruct the jury; and the defendant excepted.

The jury returned a verdict of guilty in each case; and the defendant alleged exceptions.

*C. P. Sampson*, for the defendant.

*M. J. Sughrue*, First Assistant District Attorney, for the Commonwealth.

LORING, J. In the first of these cases the defendant is complained of for a violation of Pub. Sts. c. 68, § 16, in selling ice in a street in Boston without license from the Secretary of the Commonwealth.

The motion to quash was rightly overruled. It is too late to object in the Superior Court that a complaint originally filed in an inferior court is insufficient in form. Pub. Sts. c. 214, § 25. *Commonwealth* v. *Doherty*, 116 Mass. 13. *Commonwealth* v. *Donahoe*, 130 Mass. 280. The complaint in the case at bar follows the language of Pub. Sts. c. 68, § 16, and describes, certainly with substantial, if not with formal, accuracy a violation of that act. It does not, in form or in substance, describe a violation of St. 1890, c. 448, forbidding an itinerant vendor, who is therein defined to be a person engaged in a temporary business and who, for the purpose of carrying on such business, hires, leases, or occupies a building for the exhibition and sale

of his goods, to sell without a license; the effect and purpose of that act have been described in *Commonwealth* v. *Crowell*, 156 Mass. 215; *Commonwealth* v. *Newhall*, 164 Mass. 338.

The first instruction requested was rightly refused. The complaint did allege an offence. We are of opinion that ice is not included in the term "provisions," within Pub. Sts. c. 68, § 1, providing that any person may go from place to place in the same town exposing for sale and selling, among other things, provisions. The word "provisions" means food, victuals, fare, provender. Ice is neither food, victuals, fare, or provender. This case is not affected by St. 1899, c. 260, subsequently enacted, providing that Pub. Sts. c. 68, § 1, shall apply to ice as well as to provisions.

There was evidence proving the offence complained of. Driving a load of ice through the streets, calling out "Ice, ice," and twice selling ice to a person standing in the street who then and there paid for the same, is sufficient evidence that the defendant was going from place to place carrying and exposing merchandise for sale. The fact that the defendant did this as an employee of a solvent corporation which not only sent out a cart to peddle ice, as the evidence in the case at bar tended to show, but also delivered ice to persons who had previously ordered the same, and the further fact that the occupants of the house, to which the complainant had directed the ice bought by him on the street to be delivered, were among the customers given in the list handed by the company to the defendant, do not make the actions of this defendant here complained of any the less a violation of Pub. Sts. c. 68, § 16. If the defendants wished to raise the question whether the general scope of the defendant's business was delivering ice to those who had previously bought it, and that the sales testified to were exceptional and not in the course of his ordinary business within *Commonwealth* v. *Farnum*, 114 Mass. 267, 271, he should have asked to have that fact left to the jury, under appropriate instructions. In view of the fact that the defendant was driving along calling out "Ice, ice," the two sales made by him on the street were evidence on which the jury were warranted in finding that selling ice from a wagon driven by him was within the general scope of his business; there was no evidence that

the defendant was at the time delivering any ice to persons who had previously ordered the same. The only evidence of sales or deliveries to persons other than the complainant is found in the statement in the bill of exceptions that the complainant " heard the defendant shout ' Ice, ice,' several times and saw the defendant deliver ice at several houses."

The second and third instructions present the questions presented by the motion to quash, and have already been disposed of in that connection.

The fourth instruction was rightly refused. There was no evidence that " the defendant was a selling agent in the usual course of business of a trader occupying a building for the sale of his goods," and the provisions of St. 1890, c. 448, § 2, exempting such selling agents from the provisions of that act, had no bearing upon this case, in which the defendant was complained of for violating Pub. Sts. c. 68, § 16.

The fifth instruction is but a repetition of the second part of the first instruction, and has been already disposed of in that connection.

The sixth instruction was rightly refused. The fact that the defendant, some time after these sales were made, ceased to be employed by the Boston Ice Company, shows that he was temporarily employed in the established business of that company, not that, at the time in question, he was engaged in a temporary or transient business. He was not engaged in a temporary or transient business within St. 1890, c. 448; and, if he was engaged temporarily in peddling ice for that company, he was guilty of a violation of Pub. Sts. c. 68, § 16.

The seventh request was also rightly refused. The evidence did not tend to prove that the defendant was an itinerant vendor, within St. 1890, c. 448, but did tend to show that he was peddling ice for the Boston Ice Company, which also conducted an established business in selling ice.

The second case was a complaint for the violation of the Revised Ordinances of the City of Boston, of 1892, c. 43, § 35, providing that " No person shall, except in accordance with a permit from the superintendent of streets, in any street or from any building sell any goods or article to any person on the street, or in any street, place, or permit to remain for more

than ten minutes any goods or article of which he is the owner or in charge, or while on foot, carry and display in any street any show card, placard, or sign."

In this case, the defendant made the same motion to quash and the same request for instructions made by him in the preceding case.

The complaint alleges a violation of the ordinance stated above " fully, plainly, substantially, and formally," within Pub. Sts. c. 213, § 17, which provide that in such a case the by-law on which the complaint is founded need not be set forth.  It would have been enough if the complaint had been substantial, because the defendant by not objecting in the inferior court to any defence of form had lost his opportunity to raise those questions at all.

That the by-law in question is a valid exercise of the power given to the city of Boston to exercise the powers set forth in Pub. Sts. c. 27, § 15, was decided by this court in *Commonwealth* v. *Ellis*, 158 Mass. 555.        *Exceptions overruled.*