COMMONWEALTH *vs.* MICHAEL MARKARIAN.

Worcester.    September 22, 1924. — November 5, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Pleading, Criminal,* Complaint. *Practice, Criminal,* Motion to quash, Waiver, Exceptions.

An objection to a complaint filed in a district court, based upon a formal defect apparent on its face, must be taken before a judgment has been rendered by the district court; and if it is not taken until after an appeal to the Superior Court and after a jury has there been empanelled and the complaint read, it is too late.

The inclusion in a complaint in a district court, charging the defendant with exposing and keeping for sale intoxicating liquors with intent unlawfully to sell the same, of an allegation that the defendant previously had been convicted of the offence of keeping for sale with an intent to sell intoxicating liquors, is a formal defect since it is not a statement of a fact necessary to be proved to make the act complained of a crime; and an objection to such inclusion in the complaint must be taken before judgment has been rendered by the district court.

COMPLAINT, received and sworn to in the Central District Court of Worcester on November 5, 1923, charging that the defendant " did expose and keep for sale intoxicating liquors with intent to unlawfully sell the same, said defend-

ant having been before convicted of the offense of keeping for sale with intent to unlawfully sell intoxicating liquors."

On appeal to the Superior Court, the complaint was tried before *Broadhurst,* J. Proceedings on a motion to quash are described in the opinion. The defendant was found guilty and alleged exceptions.

*J. C. Mahoney,* (*J. J. Moynihan* with him,) for the defendant.

*C. B. Rugg,* Assistant District Attorney, (*E. G. Norman,* Assistant District Attorney, with him,) for the Commonwealth.

WAIT, J. The defendant was adjudged guilty in the Central District Court of Worcester, after hearing, upon a complaint which charged that he at Worcester, on November 3, 1923, " did expose and keep for sale intoxicating liquors with intent to unlawfully sell the same, said defendant having been before convicted of the offense of keeping for sale with intent to unlawfully sell intoxicating liquors." Sentence was imposed, and he appealed to the Superior Court. At the trial in the Superior Court, after a jury was empanelled and sworn, the clerk read the complaint, containing the words quoted above, to the jury. The defendant then requested a continuance on the ground that the jury was prejudiced by the reading. Later he withdrew this request and filed a motion to quash the complaint " for the reason that the same states a former and distinct prior offence committed or alleged to have been committed by the defendant, and is prejudicial to the defendant's rights." The motion was denied; and the defendant excepted. No evidence was offered to prove the allegation of the prior conviction. The Commonwealth rested after evidence had been given to prove the allegation of exposing and keeping with intent unlawfully to sell on the day alleged. The defendant rested thereupon; arguments were made; the judge among other things charged the jury that they should disregard any notion they might have gathered from anything they had seen or heard concerning a prior conviction; a verdict of guilty was returned; and the defendant was duly sentenced. The defendant filed exceptions to the refusal

of the motion to quash; and presents here the single question thus arising.

The motion to quash was filed too late. The law is thoroughly established that, as provided by G. L. c. 278, §17, an objection to a complaint, indictment or other criminal process for a formal defect apparent on the face thereof must be taken before a judgment has been rendered by a district court or a trial justice or before a jury has been sworn in the Superior Court. *Commonwealth* v. *Lynn,* 154 Mass. 405. *Commonwealth* v. *Reid,* 175 Mass. 325. *Commonwealth* v. *Massad,* 242 Mass. 532. *Commonwealth* v. *Diamond,* 248 Mass. 511. The motion to quash was not filed until after the jury had been sworn in the Superior Court.

The defect apparent was the allegation of the former conviction; and this was a formal defect since it was not a statement of a fact necessary to be proven to make the act complained of a crime. *State* v. *Amidon,* 58 Vt. 524. The statutes in force when the act occurred did not provide a penalty for conviction for any second or later offence of the kind complained of. The single penalty for exposing and keeping for sale with intent unlawfully to sell liquor obnoxious to the law is set out in G. L. c. 138, § 83, and is fine and imprisonment. There is no provision such as earlier statutes contained imposing a higher penalty for the offence after a first or earlier conviction. Had such provision existed, the allegation in the complaint objected to by the defendant must have been made in the complaint to justify a sentence for anything other than a first offence. This was clearly decided by *Tuttle* v. *Commonwealth,* 2 Gray, 505, *Commonwealth* v. *Holley,* 3 Gray, 458, *Garvey* v. *Commonwealth,* 8 Gray, 382, *Walsh* v. *Commonwealth,* 224 Mass. 39; and when a later statute (St. 1880, c. 221) enacted that the allegation of the former conviction need not be inserted in the complaint or indictment, the act was declared unconstitutional. *Commonwealth* v. *Harrington,* 130 Mass. 35.

The only provision of existing law that gives any importance to the allegation objected to is G. L. c. 279, §11. This section of the General Laws descends from St. 1866, c. 280, and provides that where the penalty for an offence is

fine and imprisonment, except in a case here immaterial, the court may in its discretion sentence the offender to punishment by fine only or by imprisonment only "if he shows to the satisfaction of the court that he has not before been convicted of a similar crime." It was decided in *Flaherty* v. *Thomas*, 12 Allen, 428, that this was substantially different from imposing a heavier sentence for a second or subsequent offence. Gray, J. says: " But the St. of 1866, c. 280, §§ 1, 3, does not make a second offence a different one in description or character from a first offence, but imposes the same degree of punishment for each offence, and merely authorizes the court in its discretion to mitigate the punishment if the defendant shall prove to its satisfaction that he has not before been convicted of a like offence. . . . In the one case, the matter of aggravation must be proved by the Commonwealth; in the other, the reason for mitigation of the sentence must be shown by the defendant."

The law so stated has been repeatedly upheld. *Batchelder* v. *Commonwealth*, 109 Mass. 361. *Commonwealth* v. *Marchand*, 155 Mass. 8. Compare also *Commonwealth* v. *Fontain*, 127 Mass. 452, and *Commonwealth* v. *Graves*, 155 Mass. 163.

The allegation in regard to the earlier conviction was therefore not a description or characterization of the offence charged, but was formal only and it may be treated as surplusage. *Commonwealth* v. *Farren*, 9 Allen, 489. *Commonwealth* v. *Walker*, 163 Mass. 226. *Torphy* v. *State*, 187 Ind. 73. *State* v. *Reilly*, 94 Conn. 698.

The defendant withdrew his request for a continuance. If he was in fact prejudiced by the reading of the allegation he cannot now object. Nor, in view of the charge made by the judge, can we regard him as prejudiced thereby.

*Exceptions overruled.*